C. J. SORRELLS v. SAM GOLDBERG ET AL.

Decided January 16, 1904.

**1.—Lease by Parol for Longer than One Year—Statute of Frauds.**

By the terms of the statute of frauds (Rev. Stats., art. 2543, subdivs. 4, 5) a parol lease of land for a longer period than one year is prohibited, and such a lease will not be held enforcible as a valid parol lease for one year only.

**2.—Same—Part Performance.**

In an action by a landlord against the tenant for rent of land wherein the tenant set up that the parol lease contract, being for a longer period than one year, was inhibited by the statute of frauds, it was competent for the landlord to show, as taking the case out of the statute by part performance, that the tenant had taken possession of the premises under the lease and made monthly payments of rent thereunder.

Appeal from the County Court of Hill. Tried below before Hon. L. C. Hill.

*Spell & Phillips,* for appellant.

*A. P. McKinnon* and *Clark & Bolinger,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—On August 24, 1901, appellant, by appropriate proceedings, sued out, in Justice Court of Precinct No. 1, Hill County, Texas, where the rented premises in question were situated, a distress warrant, returnable to the County Court of Hill County, Texas, running against appellees, alleging in his affidavit that on June 10, 1901, he had rented to appellee, Sam Goldberg, the premises in question, by a verbal contract, for a term beginning June 10, 1901, and expiring August 31, 1902, by the terms of which said appellee agreed to pay as rent for the premises the sum of $50 per month, in advance, from the beginning of the term to September 1, 1901, and from September 1, 1901, to August 31, 1902, the sum of $60 per month in advance upon the first day of each month; that the contract under the laws of this State was inoperative for a longer period than one year from the date of the commencement of the said term, but was valid and subsisting and enforcible for such period, that is to say from June 10, 1901, to June 10, 1902; that said appellee was justly indebted to appellant in the sum of $560, which was not yet due, but would mature in the sum of $60 per month, commencing on September 1, 1901, and upon the first day of each month for eight consecutive months thereafter, and $20, being the rent from June 1, 1902, to June 10, 1902, being due June 1, 1902, in accordance with the terms of the contract, the rent due to September 1, 1901, having been paid; that said appellee was about to remove from the premises, which were situated in said precinct aforesaid, and was about to remove his property therefrom, which property was in the possession of the coappellee, S. Feinberg.

Under the distress warrant certain property was seized, which was duly replevied by appellees. On September 25, 1901, appellant filed

his amended petition, alleging his cause of action as theretofore, and praying judgment upon the replevy bond, alleging his landlord's lien upon the property seized under the writ and covered by the replevy bond.

To this appellees filed their original answer, presenting (1) general demurrer; (2) general denial; (3) that at the time the alleged contract was made appellee Goldberg was in possession of the premises, and that the contract was inoperative under the statute of frauds because not to be performed within one year; that on August 25, 1901, appellee Feinberg purchased the goods in question, upon which the levy was made, at that time situated in said building; that at that time Goldberg owed the rent for July and August, 1901, which he paid, and delivered the keys of the building to the agent of appellant, J. J. Yerby, who has since retained them, and wherefore appellant was estopped to claim the enforcement of the contract. They denied the creation of the contract asserted by appellant, and contended that the rental of the premises by Goldberg was by the month, and that at the time of the removal of the goods all the rents had been paid; that Goldberg had expressly refused to make such a contract as alleged by appellant when requested to do so by appellant's said agent.

In replication to such answer, on February 7, 1903, appellant filed his supplemental petition, pleading (1) general demurrer; (2) general denial; (3) that if the contract in question was within the statute of frauds, that under and by virtue of it said Goldberg had entered into the possession of the premises, and had continued therein until the time by appellant alleged in his petition, and had paid the rent therefor to September 1, 1901. That appellant had put him in possession of the premises under said contract, and was willing that he should continue to occupy same under the contract, and the building had at all times during the term been subject to his occupancy according to the terms of the contract, and if Goldberg had failed to occupy same it was due to his own fault, and his abandonment of the premises was voluntary; that if the contract was within the statute of frauds it was taken out of the statute by reason of such facts, and it became a contract for the tenancy of said premises for the term of one year from the commencement of the said term, and enforcible as such. That if the rent for the entire term of the contract was [not] collectible, appellant elected to waive and abandon his right to that portion maturing after June 10, 1902, and sued only for the balance of the rent due under the contract for the one year, beginning June 10, 1901, and ending June 10, 1902.

Trial before a jury was had on February 7, 1903, and at the conclusion of the testimony the court, at the request of appellees, peremptorily directed a finding for appellees. Plaintiff appealed.

By the terms of the statute of frauds a parol contract for the lease of real estate for a longer time than one year is not enforcible. Rev. Stats., art. 2543, subdivs. 4, 5.

It is contended that the effect of a parol lease for a longer period

than one year is to create an estate for the statutory period for which a parol lease is good; and that where such contract is made between parties, and possession of the premises had and rent paid thereunder, the contract is enforcible to the extent of one year from the commencement of the term.

This contention is supported by the holdings in some jurisdictions, but the decisions seem to be based upon statutes of those States giving to such parol lease the force and effect of estates at will. Washb. on Real Prop., sec. 823; Taylor on Landl. and Ten., sec. 28. We have no such statute in this State. So long as the contract remains executory it is not enforcible. But if there has been a substantial part performance of the contract, the rule is different. Where by virtue of a parol lease for a period longer than one year, the landlord places the tenant in possession of the premises and receives from him one or more installments of rent in accordance with the terms of the lease, this constitutes such part performance as will take the contract out of the statute of frauds, and the same may be enforced in accordance with its terms. Randall v. Thompson Bros., 1 App. Civ. Cases, sec. 1101; Anderson v. Anderson, 36 S. W. Rep., 817; Earl of Aylesford case, 2 Str., 783; Grant v. Ramsey, 7 Ohio St., 158; Jones v. Peterman, 3 Serg. & R., 543. Our statute places contracts for the sale of real estate or the lease thereof for a longer term than one year upon the same footing. It is uniformly held that parol contracts for the sale of land, if the purchase money has been paid and the vendee has taken possession and made valuable improvements with the knowledge of the vendor, are taken out of the statute. The question whether part performance of a parol lease of real estate for a longer term than one year would take the contract out of the statute of frauds was not passed upon in Bateman v. Maddox, 86 Texas, 546. It is expressly so stated by Judge Brown at the conclusion of his opinion in that case. 86 Texas, 555.

The plaintiff introduced evidence which would have justified the jury in finding that the parol lease set out in the petition was made, and that Goldberg took and held possession of the premises and paid rent thereunder. It was shown that prior to June 10, 1901, Goldberg had been renting the building by the month, paying a monthly rental of $50. There was testimony from which the jury could have found that no parol lease was in fact made, and that the possession of Goldberg after June 10, 1901, was a holding over under such monthly renting. This raised an issue of fact between the parties whether the parol lease was made, and whether the possession and payment of rent was by virtue of the terms thereof, or under the former monthly holding These issues should have been passed upon by the jury. It follows that in instructing a verdict for defendant there was error, which requires that the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*