ADAMS v. VAN MOURICK. (No. 880.)

(Court of Civil Appeals of Texas. El Paso. Nov. 14, 1918. Rehearing Denied Dec. 5, 1918.)

1. APPEAL AND ERROR ⬿781(1)—DISMISSAL—LITIGATION OVER COSTS.

Appeal which leaves nothing to litigate except costs should be dismissed.

2. FRAUDS, STATUTE OF ⬿129(8)—PART PERFORMANCE OF PAROL LEASE.

Where by parol lease for more than year landlord places tenant in possession, and receives one or more installments of rent under the lease, there is part performance, taking contract out of the statute of frauds, and it may be enforced.

3. APPEAL AND ERROR ⬿1033(7)—RIGHT TO COMPLAIN OF JUDGMENT—RELIANCE ON THEORY ADOPTED.

In suit by tenant to recover possession from a subtenant holding under a parol lease for the term of the original lease, where the only theory on which plaintiff could recover was that he had secured a renewal of the original lease after the commencement of the action, plaintiff cannot complain of the judgment, which correctly found for defendant on all other issues in the case, including costs.

4. JUDGMENT ⬿229—DECREE WITHOUT PREJUDICE—LEGAL EFFECT.

In tenant's suit for possession from a subtenant holding under a parol lease for the term of the original lease, decree for plaintiff on ground of renewal of original lease after commencement of action, entered without prejudice to any right of defendant growing out of suit and execution of writ of sequestration, had no more effect than usual order sustaining exceptions to part of cause of action set up by plaintiff, and dismissing it.

5. COSTS ⬿32(1)—ABSENCE OF CAUSE OF ACTION WHEN SUIT FILED — RECOVERY ON AMENDED PLEADINGS.

Where plaintiff tenant, suing subtenant holding under parol lease for term of original lease, to recover possession, had no cause of action when his suit was filed, but could only recover on theory of renewal of original lease after commencement of action, which renewal was set up in his amended pleadings, it was not error for court to tax costs to him.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by J. H. Adams against A. Van Mourick. From the judgment, plaintiff appeals. Affirmed.

M. W. Stanton, of El Paso, for appellant. C. W. Croom, of El Paso, for appellee.

HARPER, C. J. Plaintiff, Adams, brought this suit against defendant, Van Mourick, for the possession of a part of a certain building. The allegations are that "he had a lease extending from March, 1914, to February 28, 1917, and that he sublet to defendant by verbal lease from month to month." He took possession of the premises by writ of sequestration, and by filing replevy bond retained possession thereof.

The defendant answered that he had a verbal lease for the entire time of plaintiff's lease, at a rental of $75 per month; that he went into possession, and occupied the premises, and paid the rental up to the time he was dispossessed, January 11, 1917; that by reason thereof this constituted such substantial performance as that the verbal contract became executed, and not subject to the statute of frauds, hence he was in lawful possession of the premises when dispossessed by the writ; that the writ was wrongfully issued; and he reconvened for damages against plaintiff and sureties upon the sequestration bond. Plaintiff excepted to the plea in reconvention upon the ground of surprise, because it came too late, and would necessitate making the bondsmen parties.

By trial amendment, plaintiff pleaded that, subsequent to the institution of the suit, he had secured an extension of his lease; that the purported lease of defendant had expired; therefore he (defendant) had no right to judgment.

Trial by the court, and from the judgment entered for appellant, for possession of the premises, this appeal.

[1] This appeal should be dismissed, because it is apparent that there is nothing left to litigate except the matter of costs. Langham v. City of Beaumont, 152 S. W. 869. But, in view of the earnest way in which appellant urges a revision of the decree of the court, we have concluded to pass upon the assignments. The appellant complains of the following portions of the decree of the court as entered:

(1) "The court doth find that at the time of the institution of the suit * * * defendant was lawfully possessed of the premises described, * * * and that the writ of sequestration was wrongfully issued, and that under the * * * pleadings and evidence * * * the court is of the opinion that plaintiff should not recover from the defendant."

(2) "The plaintiff by trial amendment having alleged a subsequently acquired title to the premises, and in view of the evidence, it is ordered

and adjudged that J. H. Adams recover possession of the premises of defendant."

(3) "That plaintiff recover possession of the premises without prejudice to any right defendant may have growing out of the institution of this suit and the execution of the writ of sequestration," etc.

(4) "That defendant recover his costs."

[2] As to the first, the proposition is that there was no such partial performance of the verbal contract as to relieve it of the operation of the statute of frauds. It was therefore a rental from month to month, and, plaintiff having terminated the contract by proper notice, defendant did not have lawful possession, as declared by the decree. Defendant pleaded and plaintiff testified that the verbal lease was in March, 1915, and was to run to the expiration of plaintiff's lease, February 28, 1917. Plaintiff admitted that defendant went into possession, and continued therein up to the execution of the writ of sequestration, and that he had paid the rental agreed upon up to November, 1916. The rule is settled in this state that—

"Where, by * * * parol lease for a period longer than one year, the landlord places the tenant in possession of the premises, and receives from him one or more installments of rent in accordance with the terms of the lease, this constitutes such part performance as will take the contract out of the statute of frauds, and the same may be enforced in accordance with its terms." Sorrells v. Goldberg et al., 34 Tex. Civ. App. 265, 78 S. W. 711.

It follows that defendant had lawful possession of the premises at the time the writ was issued under a valid contract. As to the declaration "that plaintiff should not recover of defendant," it was not carried into the sentence of the court, so it simply is the basis for taxing the costs to plaintiff.

[3-5] As to the second, it is apparent that the appellant has no reason to complain of the court rendering judgment by reason of the subsequently acquired title, because this was the only theory upon which he could recover; and as to the decree being entered without prejudice, this has no more legal effect than the usual order sustaining exceptions to a part of a cause of action set up by a plaintiff and dismissing it. It seems clear that these declarations in the decree were simply leading up to the fourth complaint, a proper taxing of the costs between the parties; and since plaintiff had no cause of action when his suit was filed, and it was necessary for him to recover, if at all, upon his amended pleadings, it was not error for the court to tax the costs to appellant.

Affirmed.