### DINGMAN v. PAHL. (No. 6473.)

(Court of Civil Appeals of Texas. San. Antonio. Dec. 16, 1920.. Rehearing Denied Jan. 12, 1921.)

**1. Appeal and error ⊜⇒500(2)—Failure of petition to state cause of action is fundamental error authorizing review though record shows no ruling on demurrer.**

A failure of the record to indicate action on a general demurrer for want of facts does not prevent consideration of the sufficiency of the petition on appeal, since if it states no cause of action, the error would be fundamental.

**2. Fraud ⊜⇒43—Cross-petition by purchaser held to state cause of action for fraud.**

In an action on purchase-money note, a cross-petition by the purchaser, alleging that the note and others were given for lots purchased from plaintiff, located at a distance from defendant's residence, and that plaintiff falsely represented the lots had a 50-foot frontage, and that curbing and sidewalks would be installed, stated cause of action as against general demurrer.

**3. Fraud ⊜⇒58(1)—Defrauded purchaser not bound by price at which vendor sold stock given for property.**

In determining the damages to purchaser for fraud, the purchaser is not bound by the price at which the vendor sold stock given by the purchaser in exchange for the property, but is entitled to credit for the value of the stock as shown by the evidence.

**4. Fraud ⊜⇒58(1)—Evidence held to sustain award of damages to defrauded purchaser.**

In an action on a purchase-money note, where the defendant filed a cross-petition for fraud, evidence of the amount of the notes and stock given for the lots and of the actual value of the lots *held* sufficient to sustain the amount of damages awarded the purchaser by the jury.

Appeal from Bexar County Court; John H. Clark, Judge.

Action by I. L. Dingman against Alfred J. Pahl in which defendant filed a cross-action. Judgment for defendant on his cross-action, and plaintiff appeals. Affirmed.

Taliaferro, Cunningham & Moursund, of San Antonio, for appellant.

Ernest Fellbaum and Arthur V. Wright, both of San Antonio, for appellee.

FLY, C. J. This is a suit on a promissory note for $320, instituted by appellant against appellee, who admitted execution of the note, and filed a cross-action for $1,000 damages alleged to have accrued by reason of fraudulent representations made in connection with the sale of land, for which he had executed five promissory notes in the sum of $320 each. Appellee alleged that four of the notes were secured by a vendor's lien on the land, and had passed into the hands of innocent purchasers; that the fifth, which formed the basis of the suit, was not secured by lien, and remained in the hands of appellant; that appellant had falsely represented that the land sold to appellee, who lived in Gillespie county about 70 miles from San Antonio, consisted of eight lots of 50 feet front each in said city, and that curbing and sidewalks would' be placed in front of said lots by January 1, 1919; that the lots had only 25 feet frontage and the curbs and sidewalks were not built. The cause was submitted to a jury on special issues, and upon the responses thereto judgment was rendered in favor of appellee on his cross-action for $900 damages, less the sum of $320, evidenced by the note, leaving a balance in favor of appellee in the sum of $580.

[1] The first assignment of error complains that the court erred in overruling a general demurrer, and the second assignment is like unto it, in that it is claimed that the judgment is fundamentally erroneous, because not supported by pleading. The record fails to indicate that any action was had by the court on the general demurrer, but if the petition stated no cause of action, the error would be fundamental, and could be raised on appeal. San Antonio v. Bodeman, 163 S. W. 1043.

[2] The cross-action, however, was not subject to general demurrer, and as against such demurrer stated a cause of action. The two assignments are overruled.

[3] The stock in the Cain City State Bank owned by appellee was put into the trade for $1,000, the amount he paid for it, and it was worth that to him. The jury was justified in finding the stock was worth $950. Appellant by selling the stock for $700 could not depreciate its value and deprive appellee of the face value of the stock. The third assignment of error is overruled.

[4] There was evidence upon which the jury could find that the market value of the lots was $1,650. Hayes swore that lots in that locality were worth from $175 to $250, and the jury allowed $200 each for seven of the lots and $250 for the other. The fourth assignment of error is overruled.

There was evidence tending to support the

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

position of appellee that a countryman residing 70 miles from the city of San Antonio was induced, by the fraudulent representations of appellant as to the size of certain lots and a promise to supply curbing and sidewalks in front of them, to transfer certain bank stock and execute four vendor lien notes, for which he was bound, and the note sued on by appellant, and the jury was justified in finding that appellee was damaged in the sum of $580.

The judgment is affirmed.