**POINDEXTER v. HICKS et al.  (No. 2872.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 21, 1924. Rehearing Denied March 13, 1924.)

1. **Set-off and counterclaim ⌐⇒44(2)—Lessee not entitled to set off claim of individual partner against demand of firm for rent.**

In an action by a partnership for rent, lessee was not entitled to set off, against his obligation to the partnership, a debt due him from one of the partners.

2. **Appeal and error ⌐⇒194(4)—Failure to interpose objections to bad plea of offset held not to prevent claim of error in allowing offset.**

That no exceptions were interposed to a bad plea of offset in action by partnership for rent, appeal did not prevent claim on appeal of error in allowing such offset, where the facts appearing in the plea made it so fatally defective that it could not support a judgment for affirmative relief.

3. **Frauds, statute of ⌐⇒138(1)—Verbal lease for three years held valid for one year after part performance.**

Where lessor went into possession under a verbal lease for three years, and paid rents for several months, the lease was valid for the term of one year.

Error from Smith County Court; D. R. Pendleton, Judge.

Action by A. Hicks and Howard Hicks against A. S. Poindexter. From an adverse judgment, both parties bring error. Reformed and affirmed.

Simpson, Lasseter & Simpson, of Tyler, for plaintiff in error.

Nat W. Brooks, of Tyler, for defendants in error.

HODGES, J. The defendants in error, A. Hicks and Howard Hicks, sued the plaintiff in error, Poindexter, to recover a balance due upon a rental contract for the occupancy of a building in Tyler, Tex., and to foreclose a landlord's lien on certain personal property described in the petition. After a trial before the court without a jury the findings of fact and conclusions of law were filed, of which the following is the substance:

A. Hicks and Howard Hicks were the owners of a two-story business house situated in Tyler, the ground floor of which consisted of a storeroom 40 feet wide and 70 feet long. About July 4, 1922, they rented this ground floor of the building to Poindexter for $50 per month, payable in advance, the rental to begin July 10, 1922, and the rent to be paid on the 10th day of each month in advance. This contract, however, was verbal and was made by A. Hicks, who had authority to act for Howard Hicks also. At the time the contract was made A. Hicks had stored in the storeroom some undertaker's supplies, consisting of coffins and other things. In the agreement between him and Poindexter it was understood that Hicks should move those goods into the back portion of the south side of the storeroom and use that portion of the building for that purpose for three months, or longer. For that privilege A. Hicks agreed to pay Poindexter the sum of $15 per month, or to allow that much as a credit on Poindexter's rent. In August, 1922, Hicks entered into an agreement with one Waters, whereby they were to conduct an undertaking business in the south half of the building. Waters, without disclosing what kind of an agreement he had with Hicks, made a contract in his own name with Poindexter for the rental of the south half of the building for three years, or so long as Poindexter's contract with Hicks and Hicks remained in force. The price to be paid was $25 per month, at the end of each month. Poindexter looked alone to Waters for the payment of the rent, not knowing that any partnership agreement existed between Waters and A. Hicks. The court further found that the nature of the

---

⌐⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

agreement between A. Hicks and Waters constituted a partnership, and that A. Hicks was responsible equally with Waters for the rents of the south half of the building. At the time the contract with Waters was made there was no partition between the north and the south half of the building, but thereafter a temporary partition was constructed a part of the way and the remainder was supplied by stacking boxes and coffins upon each other. Poindexter went into possession about the 10th of July, 1922, and paid his rents of $50 per month up to January 10, 1923. For the five months ending July 10 he paid no rent. Waters paid his rent to Poindexter up to December 1, 1922, and none thereafter. On January 24, 1923, Waters abandoned the place, leaving Hicks in possession. Hicks remained in possession a few days, and then he abandoned the place. On February 10 Poindexter demanded that Hicks allow him a credit of $25 due from Waters. This Hicks declined to do, and Poindexter refused to pay any further rents. Hicks then notified Poindexter in writing to vacate the premises. Poindexter apparently disregarded the notice, and continued to occupy the north half of the premises as before. Hicks then notified him that he must pay $75 a month for the entire building, beginning March 10, if he remained. Poindexter made no reply to that notice, but continued to occupy the premises till about July 4, 1923, when he moved out.

Upon those facts the court concluded that the oral rental contract between Hicks and Poindexter was valid during the period of Poindexter's occupancy, approximately one year. He charged Poindexter $50 as rent of the entire building for one month, to March 10, and $37.50 per month for the remaining four months. He allowed Poindexter an offset of $25 for the rental due from Waters. He entered judgment for $150.

[1-3] Both parties have appealed, and each assigned error. Without discussing the errors in detail, we conclude the court erred in allowing an offset to Poindexter for the debt due from Waters and A. Hicks. Poindexter was not entitled to set off against his obligation to Hicks and Hicks a debt due him from A. Hicks. Reeves v. White (Tex. Civ. App.) 161 S. W. 43; Hilliard v. Johnson (Tex. Civ. App.) 28 S. W. 100. It is true no exceptions were interposed by the plaintiffs to that plea of offset, but the facts appearing in the plea itself made it so fatally defective that it could not support a judgment for affirmative relief. Poindexter's lease for three years, being verbal, was void and unenforceable for any period so long as it remained executory. But after the lessor went into possession and paid rents for several months the lease was valid for a term of one year. Sorrells v. Goldberg, 34 Tex. Civ. App. 265,

78 S. W. 711; Adams v. Van Mourick (Tex. Civ. App.) 206 S. W. 722. Poindexter owed under his contract $50 per month for five months, or an aggregate sum of $250, for which a judgment should have been rendered.

The judgment of the trial court will be reformed accordingly, and as reformed affirmed.