## TINSLEY et al. v. METZLER.
### No. 2602.

Court of Civil·Appeals of Texas. El Paso.
Dec. 17, 1931.

Rehearing Denied Jan. 7, 1932.

Gordon O. McGehee and R. H. Ward, both of Houston, for appellants.

Markham & Mobley and J. P. Markham, Jr., all of Houston, for appellee.

HIGGINS, J.

On ·September 8, 1919, Mrs. Edna C. Aldridge demised and let to Modern Tire & Repair Company, A. M. Choat, Thos. E. Armitage· and E. E. Patterson two and one-half lots in Houston, Tex., for twenty-five years from that date. Upon the lots were several stores; one being referred to as 1014 Fannin street.

On· July 7, 1926, the lessees let to F. M. Flood the store at 1014 Fannin for four years from July 7, 1926, at· a stipulated monthly rental. The lease forbade subletting without the written permission of the lessors.

On October 19, 1928, Mrs. Aldridge conveyed the lots to appellee, Metzler. Metzler also acquired from her lessees above mentioned all their estate and rights under the lease of September 8, 1919. He thus succeeded to the rights of the lessors under the sublease to Flood.

From the pleadings and the evidence it appears J. E. Broussard succeeded as assignee to the rights of Flood under the lease of July 7, 1926. It seems. the assignment to Broussard was evidenced by drawing a line through Flood's signature to the sublease and Broussard signing the same.

Through some arrangement with Broussard, the appellants L. M. Tinsley, R. O. Shepley, and· L. M. Tinsley & Co., a corporation, went into possession of 1014 Fannin street, where the company conducted some business known as the Ford Market. In appellants' answer it was averred the tenancy was from month to month. Tinsley and Shepley were officers of L. M. Tinsley & Co. Appellants vacated the premises July 7, 1929.

This suit was filed October 18, 1929, by Metzler against Broussard, Tinsley, Shepley, and L. M. Tinsley·& Co.

Briefly stated, the allegations of the petition are as follows: Plaintiff is the owner of the two and one-half lots mentioned, describing same, upon which there is a store known as 1014 Fannin street, and, after plaintiff became the owner of same, he also acquired ownership of the unexpired interest and rights created by a lease from the former owner thereof to the Modern Tire & Repair Company, Choat, Armitage, and Patterson. When plaintiff acquired said lease interest, there was an outstanding sublease from the Modern Tire & Repair Company, acting for itself and its colessees, a copy of which was attached and made a part of the petition; said sublease is dated July 7, 1926, and terminates July 6, 1930, and provides for a monthly rental of $100 per month for the third year of the lease and $125 per month for the last year, such sublease covering a storeroom known as 1014 Fannin street, which sublease was originally made to F. M. Flood, and by Flood assigned to J. E. Broussard, who expressly assured all of the obligations undertaken by the sublessee in said sublease, and Broussard was accepted by the sublessor as a tenant. Thereafter, so plaintiff is informed, Broussard negotiated and completed some transactions with some or all of the other defendants, of which transactions plaintiff is not fully informed. Broussard is claiming that the result and effect of his said dealings and transactions with the other defendants was to place the other defendants in the position of tenants under the sublease from the Modern Tire & Repair Company; that neither the plaintiff nor the sublessors, nor the successors in interest of the sublessors, nor the successors in interest of the original lessor, ever accepted any tenancy by any of the defendants other than Broussard, except as additional security or liability for the payment of the rents provided in said sublease, and never did release defendant Broussard from any of his obligations to pay rent under said sublease; that rent was paid by each and all of the defendants, Tinsley, Shepley, and L. M. Tinsley & Co., under the said sublease, to the persons who were entitled to receive such rent, and from the time of the said transactions between defendant Broussard and the other defendants, down to on or about the 7th day of June, 1929, each and all of the defendants, Tinsley, Shepley, and L. M. Tinsley & Co., asserted that they were tenants under said sublease, and had possession and occupancy of the premises concerned, and accepted the uses and benefits of such tenancy and occupancy; that neither plaintiff nor his predecessors in interest have ever released defendant Broussard from his obligations upon said sublease or have ever done anything which has relieved said defendant Broussard from such obligations, and, if the other defendants, or any of them, have acquired rights as subtenants or as assignees from defendant Broussard, then such rights were acquired under such agreements with Broussard. It was then averred that each of defendants became liable for payment of the rents accruing under the sublease, and admitted such liability, and were estopped from denying liability for payment of rents to the termination of said sublease. Averments were then made showing that rents payable monthly in advance, at the rate of $125 per month, were due on the 7th days of July, August, September, and October, in the year 1929, and another payment would become due November 7, 1929; that defendants have denied liability therefor, or any other payments to become due, to plaintiff's damage in the sum of $2,000. Averments were then made claiming an attorney's fee of $250 by virtue of a provision in the lease.

The prayer was for judgment for the past-due rentals at the time of judgment and general relief.

Appellants answered by general demurrer, special exceptions, general denial, special pleas, setting up the statute of frauds, and that the defendants Tinsley and Shepley had rented the premises from month to month from Broussard, they agreeing to pay the same rental as was paid by Broussard, and to pay the same to the Modern Tire & Repair Company, the owner of the original lease, of which the Modern Tire & Repair Company was informed and confirmed the agreement; that they had paid the rentals as agreed, and that, after Metzler became the owner of the rights of the Modern Tire & Repair Company, and its colessees, the appellants paid the rents to Metzler; that on the 6th day of June, 1929, they vacated the premises at the request of Metzler; and at that time they had paid all rents due, and Metzler then took possession of the premises.

On December 1, 1930, judgment was rendered against all defendants for rents in the sum of $1,500, and the additional sum of $250, as attorneys' fees. From this judgment Tinsley, Shepley, and Tinsley & Co. appeal.

Appellee undertakes to sustain the judgment upon the theory that appellants were assignees of the lease to Flood dated July 7, 1926, and as such liable to appellee for the rentals and attorneys' fees stipulated in such lease. This position would, of course, be sound if the pleadings and evidence show that appellants were assignees of the lease mentioned.

█ A lessor cannot sue a subtenant upon the original lessee's covenant to pay rent, unless the subtenant has assumed to pay the same, for there is neither privity of estate nor of contract. 36 C. J., 379; Giddings v. Felker, 70 Tex. 176, 7 S. W. 694; Davis v. Vidal, 105 Tex. 444, 151 S. W. 290, 42 L. R. A. (N. S.) 1084.

■ The petition merely shows that appellants were in possession of the store and paid rent under some character of arrangement with Broussard, the nature of which is not even known to appellee. Certainly it cannot be deemed sufficient to show that these appellants were assignees of the term so as to render them liable upon the covenants to pay rent and attorney's fees contained in the lease.

The petition is fatally insufficient to support a judgment against appellants based upon those covenants. The error is fundamental, and necessitates reversal. Madero v. Calzado (Tex. Civ. App.) 281 S. W. 328; Mack Mfg. Co. v. Oeding (Tex. Civ. App.) 244 S. W. 156; Dingman v. Pahl (Tex. Civ. App.) 226 S. W. 446.

■■ Appellants assign error to the refusal of a peremptory charge in their favor. According to the theory of appellee in its brief, appellants were liable as assignees of the lease to Flood. So the burden rested upon appellee to show that appellants occupied that relation. The evidence simply shows that appellants went into possession under some arrangement with Broussard and paid the contract rental to appellee and his predecessor in title; that appellants had in their possession a copy of the lease to Flood. This evidence is insufficient to show that appellants were assignees of the entire term. It simply shows that appellants were either assignees or subtenants. Their true status is left wholly to conjecture and surmise. It is insufficient to discharge the burden of showing that they were assignees of the lease.

■ As to those assignments relating to the statute of frauds (Rev. St. 1925, art. 3995), it seems to be the rule of decision in this state that, where the tenant has gone into possession and paid rent, this is such part performance as takes the transaction out of the operation of the statute and renders it unavailable as a defense in an action by the landlord to recover rents accruing after the tenant vacates the premises. Randall v. Thompson, 1 White & W. Civ. Cas. Ct. App. 1100; Johnson v. Neeley (Tex. Civ. App.) 36 S.W.(2d) 799; Dockery v. Thorne (Tex. Civ. App.) 135 S. W. 593; Sorrells v. Goldberg, 34 Tex. Civ. App. 265, 78 S. W. 711; Adams v. Van Mourick (Tex. Civ. App.) 206 S. W. 721.

■ Under this line of authorities it would seem that an assignee by parol who goes into possession and pays rent for several months is bound by the same rule.

■■ The rulings upon evidence present no error, because a tenant is estopped to deny his landlord's title, and the same rule applies to assignees and subtenants. Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360.

The instruments referred to were all admissible for the purpose of showing the relation of landlord and tenant, and that appellee had acquired the reversions.

■ It was not necessary for the court to define the term "preponderance of the evidence" as used in the charge. American F. & C. Co. v. Williams (Tex. Civ. App.) 34 S.W.(2d) 396.

As to Broussard, who did not appeal, the judgment is affirmed. As to the appellants named above, it is reversed and remanded.