**WUKASCH et al. v. HOOVER.**

No. 10027.

Court of Civil Appeals of Texas. Austin.

March 26, 1952.

594

Louis Scott Wilkerson, Austin, for appellants.

Critz, Kuykendall, Bauknight & Stevenson by F. L. Kuykendall, all of Austin for appellee.

GRAY, Justice.

Appellants sued appellee on a written lease contract and alleged a present right of action against appellee by reason of his notice of intention to vacate the premises and his refusal to pay rent under the contract. Their prayer was for a judgment denying appellee the right to compel them to accept and treat as a surrender appellee's vacation of the premises, for damages for breach of the alleged lease contract, for an attorney's fee and for general relief.

After depositions had been taken, and after admissions had been made in response to a demand therefor, the trial court heard the motions of appellants and appellee for summary judgment. Appellants' motion was denied, appellee's sustained and a judgment that appellants take nothing by their suit was rendered.

By the alleged lease contract dated July 1, 1948, and executed in duplicate original, appellants, C. G. and Emma Wukasch, leased to appellee, for a term of five years beginning October 1, 1948, and ending September 30, 1953, "all those improvements and that parcel of land located at 2270 Guadalupe Street, in the City of Austin, County of Travis, and being the same property now occupied by lessee herein as a tenant of lessors."

The recited consideration to be paid by lessee to lessors was the total sum of $23,-040, payable monthly in advance at the rate of $360 per month for the first two years and $400 per month for the remainder of the contract period. $400 was deposited with lessors to cover the last month's rental due unless the contract was sooner terminated in accordance with its provisions. The contract further provided for the payment of a reasonable attorney's fee of not less than ten per cent. of the amount of rent due should it become necessary for appellants to secure the services of an attorney.

We do not deem the further covenants of the contract material to our decision here.

The lease contract was signed "C. G. Wukasch Emma Wukasch by Walter Wukasch, Agent in Fact," and was signed by appellee. The premises were occupied and used by appellee who paid the rent as it become due until sometime prior to June 1, 1951, when he notified appellants he would vacate the premises and would not pay any rent after that date. It does not appear what reason was given by appellee for vacating the premises at the time he gave notice of his intention to do so. In his answer to appellants' petition he alleged that the roof leaked, however this plea seems to have been abandoned.

It was developed that Walter Wukasch was the son of C. G. and Emma Wukasch and was not authorized in writing to sign their names to the lease contract, and that C. G. and Emma Wukasch were not present when the contract was signed by Walter.

The first ground of appellee's motion for summary judgment is to the effect that the lease contract is void and unenforcible because Walter Wukasch was not authorized in writing to sign as agent for C. G. and Emma Wukasch. Error is assigned to the action of the trial court in sustaining this ground of the motion.

Article 1288, Vernon's Ann.Civ.Stat., provides:

"No estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing."

This statute does not render void and unenforcible every parol conveyance of land, or the parol lease thereof for a term of more than one year.

At the beginning of the term specified in the lease contract and at a time when appellants were not bound by it because they had not signed it, or au-

thorized in writing their signatures, we think the contract may have been subject to the objection that it was unilateral and lacking in mutuality and governed by that rule as announced in Clegg v. Brannan, 111 Tex. 376, 234 S.W. 1076. Art 3995, Vernon's Ann.Civ.Stat. However, the facts before us show that the lease contract was signed by appellee and was accepted by appellants. Although the contract and the facts suggest that appellee was in possession at the time the contract was made, he accepted further possession and retained his possession of the premises by reason of it. Thereafter he paid the stipulated rentals from October 1, 1948 to May 1, 1951. Appellants accepted these rentals and appellee's possession of the premises. Thus for more than two years there was a full compliance with the terms of the contract by appellee and by appellants. These acts in themselves are sufficient to identify the lease contract and could not have been performed with any purpose except to perform the contract, and, further they are sufficient to impress upon the contract the character of a written instrument and to require that it be treated as such. Clegg v. Brannan, supra; Johnson v. Tunstall, Tex.Com.App., 25 S.W.2d 828; Houston Oil Co. v. Singleton, Tex.Civ.App., 44 S.W.2d 479, error ref.; Ferguson v. Parker, Tex.Civ.App., 176 S.W.2d 768, error ref., w. o. m.; Copeland v. Hill, Tex.Civ. App., 126 S.W.2d 567; Vinson v. Horton, Tex.Civ.App., 207 S.W.2d 432; 10 Tex. Jur. p. 264, Sec. 252.

In Tinsley v. Metzler, Tex.Civ.App., 44 S.W.2d 820, 822, error dism., the Court said:

"* * * it seems to be the rule of decision in this state that, where the tenant has gone into possession and paid rent, this is such part performance as takes the transaction out of operation of the statute and renders it unavailable as a defense in an action by the landlord to recover rents accruing after the tenant vacates the premises. Randall v. Thompson, 1 White & W. Civ.Cas.Ct.App. § 1100; Johnson v. Neeley, Tex.Civ.App., 36 S.W.2d 799;

Dockery v. Thorne, Tex.Civ.App., 135 S.W. 593; Sorrells v. Goldberg, 34 Tex.Civ.App. 265, 78 S.W. 711; Adams v. Van Mourick, Tex.Civ.App., 206 S.W. 721."

Also, Chavez v. Goodman, Tex.Civ.App., 152 S.W.2d 826.

We conclude appellants' first point must be sustained.

Appellants' second point is to the effect that the trial court erred in holding the description of the property contained in the contract is insufficient. (See description, supra.)

This point is sustained. In Miller v. Hodges, Tex.Com.App., 260 S.W. 168, 170, the rule is quoted as follows:

"The rule is that where the writing within itself, or by reference to other writings, contains sufficient data so that by the aid of parol evidence no question as to the intention of the parties can arise, it is sufficient. The most specific and precise description of the property requires some parol proof to complete the identification. A more general description requires more. When all the circumstances of possession, ownership, situation of the parties, and their relations to each other and the property, as they were when the negotiations took place and the writing made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement."

Appellants' third point is to the effect that the trial court erred in sustaining appellee's motion on the ground that the contract did not show on its face that appellants were the owners of the property leased to appellee.

Appellee, as a tenant of appellants, occupied the premises under the contract for more than two years. He did not plead and does not assert he was induced to lease the premises and to pay rent thereon be-

cause of mistake or fraud or because of any misrepresentation of his landlords, and is not in position to here question their title. Appellee went into possession under appellants' title and, under the facts before us, their title is immaterial. Lorino v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410; 27 Tex.Jur. p. 71, § 20.

What we have said disposes of appellants' fourth point.

By their fifth point appellants say the trial court erred in sustaining the fourth ground of appellee's motion for summary judgment. This ground is to the effect that it is impossible to determine the amount of damages that appellants will suffer, and that "this is not the kind or character of suit authorized to be brought by plaintiffs for anticipatory breach of contract."

In paragraph nine of appellants' petition they alleged that appellee's declaration of his intention to vacate the premises on June 1, 1951, and not to pay further rent to plaintiffs constitutes a breach of his covenant to pay rent for the remaining part of the contract. They alleged their damages to be the difference in the rent contracted to be paid and the reasonable value of the lease for the remaining part of the contract period.

It appears that at the time the suit was filed appellee was in possession of the leased premises but at the time of the trial he had vacated the same.

Appellants have suggested their intention to amend their pleading, and we having sustained the points, supra, a reversal of the cause is required. We therefore think it proper to state applicable rules of law.

■ When appellee announced his intention to vacate the premises and not to pay further rents under the contract, he then disclosed his intention to repudiate the contract. This, however, did not end the contract as to appellants nor their rights under it, but they were at liberty to treat such conduct as a breach, treat the contract as terminated thereby and hold appellee responsible to them for the resulting damages. Or they could treat the notice of intention to vacate and to pay no further rent as of no effect, keep the contract alive for the benefit of appellee and hold him responsible for its nonperformance. Greenwall Theatrical Circuit Co. v. Markowitz, 97 Tex. 469, 79 S.W. 1069, 65 L.R.A. 302. In the first instance (supra) the suit would be for damages for the breach of the contract; in the second, for the rents accruing. 27 Tex.Jur. p. 85, § 28; 10 Tex.Jur. §§ 263–264, pp. 452, 454.

In Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405, 406, the Court said:

"In the case of Pollack v. Pollack, [Tex.Com.App.] 39 S.W.2d 853, 855, Id., [Tex.Com.App.] 46 S.W.2d 292, 295, this court announced the rule that when a party who is obligated by contract to make monthly payments of money to another absolutely repudiates the obligation without just excuse, the obligee is 'entitled to maintain his action in damages at once for the entire breach, and is entitled in one suit to receive in damages the present value of all that he would have received if the contract had been performed, and he is not compelled to resort to repeated suits to recover the monthly payments.'"

and further, referring to the Pollack case, said:

"It was there held that the rule of anticipatory breach is applicable to contracts fully performed by one party and executory on the part of the other. It is written in that opinion that: 'The doctrine which excepts contracts fully performed by one side from the general rule is purely arbitrary, and without foundation in any logical reason.' The opinion reflects that the court took notice of contrary holdings in other jurisdictions. In fact, it was stated in that opinion that the great weight of authority, both in America and in England, is to the effect that the doctrine of anticipatory breach applies only to contracts still to be performed, in whole or in part, by both sides, but this court rejected the rea-

sons supporting that conclusion as being unsound."

In the Pollack case, 46 S.W.2d 292, 293 the Court, after noting that the weight of authority in America adheres to the English rule, said:

"Notwithstanding all this, we are constrained to hold that, since to except contracts performed on one side from the rule violates every reason that can be given for its existence in the first instance, and since this court has never committed itself to the exception, it should not now do so."

and in conclusion that:

" * * * we are of the opinion that the rule of anticipatory breach should be applied without distinction to contracts still to be performed on both sides and those fully executed by one side, and we are further of the opinion that no distinction should be made between contracts to pay money, pure and simple, and other such contracts."

Appellee's announcement to appellants that he would vacate the premises and would not pay rent after June 1, 1951, was a declared intention on his part to repudiate the contract and not to perform it in the future. This gave appellants a present right to sue for their damages for anticipatory breach of the contract. Sanders and Pollack cases, supra; Main v. Hopkins, Tex.Civ.App., 229 S.W.2d 820; American Bankers Ins. Co. v. Moore, Tex. Civ.App., 73 S.W.2d 620, Restatement, Contracts, § 318.

Appellants' point six presents a fact issue. 27 Tex.Jur. § 183, p. 313. The issue was not presented in appellee's motion for summary judgment. It does not appear the trial court made a finding on the issue since it was not involved in the judgment rendered and it will not be further noticed here.

For the reasons stated the judgment of the trial court is reversed and this cause is remanded for further proceedings in the trial court.

Reversed and remanded.