**REEVES FURNITURE CO. v. SIMMS et al.**

No. 4295.

Court of Civil Appeals of Texas. Texarkana.

March 8, 1933.

Rehearing Denied March 23, 1933.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellant.

Crumpton & Crumpton, of Texarkana, for appellees.

SELLERS, Justice.

On April 1, 1926, and for a great number of years prior thereto, James H. Simms and his brother A. L. Simms were the owners of a certain three-story brick building in the city of Texarkana in which Reeves Furniture Company, a corporation, was conducting a furniture business. Reeves Furniture Company had been in the building since 1914, either as lessee from Simms brothers or as sublessee from the J. C. Penny Company with Simms brothers' consent. The J. C. Penny Company's lease with Simms brothers under which Reeves Furniture Company occupied the building expired on April 1, 1926. On or about this date Reeves Furniture Company, through its president, Mrs. Reeves, and its secretary, W. H. Riley, negotiated with Simms brothers for a lease on this building. The terms of this lease were agreed upon, according to the testimony of James H. Simms and the lease contract introduced in evidence, to be for a term of five years from April 1, 1926, to March 30, 1931, at a stipulated rental of $350 per month to be paid in advance. It was agreed between the parties that the contract was to be in writing and signed by both parties in duplicate. The lease agreement was reduced to writing and signed by Simms

brothers on May 4, 1926, and forwarded to Reeves Furniture Company through the mail for its signature. Mrs. Reeves, president of Reeves Furniture Company, testified that she received the contract through the mail and refused to execute it on the part of Reeves Furniture Company, for the reason that the term of years expressed in the contract was not that agreed upon. She testified that the agreement was for a three-year lease and not for five years. She further testified that she placed both the original and copy of the lease in the safe of the Reeves Furniture Company to wait until James H. Simms, with whom she had negotiated with reference to the lease, came in, so she could discuss the matter with him. Nothing further was mentioned about the contract until the early part of 1930, when Reeves Furniture Company notified Simms brothers that it expected to vacate the building on June 15, 1930. Reeves Furniture Company paid rents during all this time at the rate of $350 per month in accordance with the provisions of the contract furnished it. On June 18, 1930, the Reeves Furniture Company vacated the building, paying all the rent due under the contract up to this date. James H. Simms, after receiving the notice of the intention of Reeves Furniture Company to vacate the building, called at the Reeves Furniture Company and requested a copy of the contract which was given him, but it was unsigned by Reeves Furniture Company. Simms brothers also notified Reeves Furniture Company before it vacated the building that they would expect it to pay rent on the building until the expiration of the full five years provided for in the lease contract.

Simms brothers brought this suit on April 24, 1931, upon the written lease contract to recover rents for the building as per the contract from the date Reeves Furniture Company vacated the building to the expiration of the term provided for in the lease; the amount of damages sought to be recovered being $3,290. Reeves Furniture Company's defense to the suit is that the lease contract was in violation of the statute of frauds and unenforceable. This defense was raised both by demurrer and special answer. The case was tried to a jury, and over objection of both parties the court submitted to the jury two issues, the first of which inquired of the jury whether the parties prior to April 1, 1926, entered into an oral agreement for the lease of the premises in question wherein the parties both understood and agreed on the same length of time the said agreement was to be in force, to which inquiry the jury answered "Yes." And in answer to the second issue the jury found the lease agreement was to run for a term of five years. Upon this verdict of the jury the court entered judgment for Simms brothers for the full amount of the damages sued for, and Reeves Furniture Company has duly prosecuted this appeal.

We doubt if there was an issue made by the evidence to be submitted to the jury. The undisputed evidence showed that the parties did agree upon all the essential terms of the lease contract, unless it was on the length of time the lease was to run. The lease agreement under the evidence was to be reduced to writing and signed by both parties. It was reduced to writing and provided for a term of five years. Both the original and copy were signed by Simms brothers, the appellees, and was delivered to Reeves Furniture Company, the appellant, immediately thereafter, and both copies were retained by it for about four years without another word being said between the parties with reference to the lease. Apparently the lease was not thought of any more by either of the parties until about three years after it was received by the appellant, when one of the officers took it out of the safe to see just when it would expire. This officer thought it was for a period of three years and found it provided for a term of five years instead. But it was not then mentioned to appellees by any of the officers of appellant company, but appellant continued to occupy the building another year and until it gave appellees notice of its intention to vacate the building before the contract was mentioned between the parties. Notwithstanding Mrs. Reeves, appellant's president, testified that the lease was not executed by appellant because the term as therein expressed was not that agreed upon by the parties, we are of the opinion that the evidence sufficiently establishes a contract in writing as binding upon both parties as fully as it would have been if it had been executed by appellant and a copy thereof returned to appellees. A contract is classed as a written contract when all its terms are in writing and the instrument signed by one party is orally accepted by the other party. Johnson v. Turnstall (Tex. Com. App.) 25 S.W.(2d) 828.

We do not, however, understand that the appellant in this case questions the above holding. It is the appellant's contention, and invoked as a complete defense, that, although the contract is binding as a written contract, yet as it was not signed by appellant, who is the lessee, the contract of lease comes within subdivision 4 of article 3995 of the Revised Statutes of this state and is therefore unenforceable. The section of the article so invoked provides:

"Art. 3995. No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * *

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year," etc.

The courts of this state have applied this statute in many various cases, but withal we find one well-defined rule announced which we think clearly has the effect to take the present case out of the provisions of this statute. The rule is announced by Tex. Jur. vol. 20, p. 322, § 112, that the statute may not be invoked where a contract has been fully executed by one of the parties thereto. When the contract involved was reduced to writing, signed and delivered by appellees to the appellant, it was from that moment in all respects binding upon appellees, and therefore an executed contract on their part. And for this reason we hold that the statute could not apply. This rule was especially applied to a lease where the lessee did not sign the lease, by the Commission of Appeals of this state in the case of Texas & Pacific Coal & Oil Co. v. Patton, 240 S. W. 303. Judge Gallagher in this opinion has this to say: "The lease contract, when duly executed and delivered by defendants in error, vested in plaintiff in error all the rights granted thereby. As to them it was an executed contract. Where a contract is executed on one side and nothing remains but the payment of the consideration, this may be recovered, notwithstanding the statute."

Appellees in their suit seek here to recover all the balance of the consideration for the lease. No contention is made that appellees did not fully comply with their part of the contract, and therefore we are unable to agree with appellant that the contract sued upon comes within the provisions of the statute of frauds.

The judgment of the trial court is affirmed.

LEVY, Justice.

I agree to the disposition of the appeal, but in the view here stated: That the instrument in writing here sued upon by the plaintiff having been delivered and in legal effect accepted by the defendant, it is enforceable as a contract for the lease of real estate for a longer term than one year, notwithstanding the defendant's failure to sign it. A lease, if delivered and accepted by the lessee, need be signed only by the lessor to be valid in a suit against the lessee for partial failure to perform. The statute of frauds, as quoted in the opinion above, provides that no action shall be brought to charge any person "upon any contract for the sale of real estate, or the lease thereof for a longer term than one year," unless such contract (1) "be in writing" and (2) "signed by the party to be charged therewith." It is thought that the words, "the party to be charged therewith," as used, means and is intended to mean that the one who is to be held to liability upon an agreement to sell or to lease his land is the party that must sign the writing. The lessee by accepting the lease of real estate becomes bound to the extent of the covenants to be by him performed, which is the payment of the rents, but he does not create or grant nor pass any right of possession and use of land. The lessor is the one who lets the possession and the right of use of the land. A lease not only creates the relation of landlord and tenant, but is a contract for possession of land for a determinate time. The statute of frauds, as applicable to real estate, was passed in the purpose and principle of preventing the divestiture of any right in or possession of real estate upon loose and dubious testimony. It is a statute in protection of the owner of the land.