**OAK CLIFF REALTY CORPORATION,**
Appellant,

v.

**C. R. MAUZY, Appellee.**

No. 16290.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 2, 1962.

Rehearing Denied March 2, 1962.

Gragg, Storey & Griffith, and Thomas N. Griffith, Dallas, for appellant.

Frank Cusack, Dallas, for appellee.

BOYD, Justice.

Oak Cliff Realty Corporation sued C. R. Mauzy for $1,104.30, alleged to be owing for rent, and for attorneys' fees. A summary judgment was granted to Mauzy, and the corporation appeals.

The questions in the case are whether the leased premises were sufficiently described in the written lease agreement to meet the requirements of the statute of frauds, Art. 3995, subd. 4, Vernon's Ann.Tex.St., providing that a contract for lease of real estate for more than one year shall be in writing, with the writing furnishing the means of identifying the property, and whether the case as pleaded by appellant comes within an exception to this statute.

The written lease contract begins: "The State of Texas, County of Dallas." The term provided was for two years, beginning on June 1, 1956, at a rental of $3,710.40, payable monthly in advance at the rate of $154.60. The property leased is described as "Room or Rooms Numbered 501, on the 5th floor of the building known as Jefferson Tower." It was provided that the rent was to be paid at appellant's office and place of business in Dallas, Texas.

An affidavit of appellant's agent, which was attached to the answer to the motion for summary judgment, stated that the leased property was known as Jefferson Tower, and was situated at 351 West Jefferson Avenue, in Dallas, Texas. In his answer appellee referred to "such premises" as "Room 501 in the building known as the Jefferson Tower Building."

In Sorsby v. Thom, Tex.Civ.App., 122 S.W.2d 275, the description of land in a contract of sale was held sufficient where it was described as the "Rock Island Plantation" and as the "Cordsen Rock Island Ranch tract", although the contract did not mention the survey, city, county, or state in which the property was situated, the only mention of any location being that the contract had a heading of "Hempstead, Texas". Krueger v. W. K. Ewing Co., Inc., Tex.Civ.App., 139 S.W.2d 836, was a suit by the seller for specific performance of a contract of sale of land, with a dateline including the words "San Antonio, Texas" and describing the property as being the "San Gabriel Apartments", and "known * * * as the 'San Gabriel Apartments'", and it was held that the description was sufficient, it having been shown that the property had been known by such name for twelve years, the court saying that " * * * a contract, we think, may also sufficiently describe property by its common or particular name by which it is known in the locality where situated," and quoted from 18 C.J., p. 180, as follows: " 'The office of a description is not to identify the land, but to afford the means of identification, and when this is done, it is sufficient. Generally, therefore, any description is sufficient by which the identity of the premises can be established, or which furnishes the means of identification. A conveyance is also good if the description can be made certain within the terms of the instrument.' " See, also, Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Cunyus v. Hooks Lumber Co., 20 Tex.Civ. App. 290, 48 S.W. 1106; Manning v. Barnard, Tex.Civ.App., 277 S.W.2d 160. In Wilson v. Fisher the court said: "The authorities of many states from an early

date have held that a description of land by the particular name by which it is known in the locality is sufficient. 25 R.C.L. 654, Sec. 285; 27 C.J. 272, § 323; Frauds, Statute of, Sec. 186; 18 C.J. 181, § 63, 26 C.J.S., Deeds, § 30."

 In his brief appellee says that at the time of the lease the building in question had been known by the name "Jefferson Tower for only a relatively short time." There was no such allegation or evidence. We think that the statement in the lease, in the petition, in the affidavit opposing the summary judgment, and in appellee's answer, that the building in question is "known as Jefferson Tower", is sufficient for the introduction of evidence that it was so known for a short time, for "a relatively short time", or for any number of years. We think the description is sufficient to meet the statute of frauds.

 Even if the description is insufficient, we think the facts take the case out of the operation of the statute.

The written lease was signed by both parties, and appellee occupied the premises and paid $153.30 rent per month for seventeen months. Appellant alleged that it erroneously billed appellee for $153.30 per month instead of the $154.60, as provided in the contract, as the result of a clerical error. After seventeen months appellee removed from the building and refused to pay any more rent. In the affidavit opposing the summary judgment it was stated that appellant, relying on the contract, made certain improvements to the premises, as provided in the contract, wherein it is said that "Lessor agrees to partition space according to attached plan."

 When a contract has been fully performed by one of the parties, the statute may not be invoked by the other. The part performance necessary to take a case out of the operation of the statute must be by the party who seeks to enforce the contract. 20–A Tex.Jur., p. 419, Sec. 139. In Reeves

Furniture Co. v. Simms, Tex.Civ.App., 59 S.W.2d 262, it was held that a case was taken out of the operation of the statute when the lease contract had been signed only by the lessor, and had been accepted by the lessee, who began occupying the premises and making monthly rental payments.

In Sorrells v. Goldberg, 34 Tex.Civ.App. 265, 78 S.W. 711, it was held that even under a parol lease for more than one year, the case was taken out of the statute where the lessee took possession of the premises and paid one or more monthly installments of rent. To the same effect is the holding in Adams v. Van Mourick, Tex.Civ.App., 206 S.W. 721.

The judgment is reversed and the cause remanded.