**Carl R. DUNGAN et al., Appellants,**

**v.**

**J. E. FOUST, Appellee.**

**No. 16741.**

Court of Civil Appeals of Texas.

Fort Worth.

June 3, 1966.

DeVore, Ashworth & McGahey, and Philip C. McGahey, Jr., Arlington, for appellants.

Cline & Cline, and J. Everett Cline, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

The most material question posed by the appeal is whether a written lease of real estate which misdescribes the premises by street number may be reformed in a suit brought for that purpose and for the enforcement of the tenant's liability for the payment of rent according to the provisions of the instrument—after the tenant has moved away following occupancy for only part of the term. The contract will be considered executory as applied to the period the premises were not occupied.

Save for the error in street number the instrument met all the requirements of the Statute of Frauds. Actually the number was 334 Main Street which were the premises intended. In the lease it was given the number of 318 Main Street. On its face the instrument was valid and binding. Through mutual mistake of the parties the number was incorrectly stated, and therefore. did not speak the truth, to-wit: the parties had contracted for the lease of the premises at 334 Main Street.

Courts of equity have power and jurisdiction to so reform an executory contract that is valid and binding on its face as to relieve it of any statement, declaration, or description that has been inserted therein through deception, fraud, or mutual mistake, and to make the statements speak the truth as it was intended to insert them in the instrument. On the other hand, a court of equity has no power or jurisdiction to construct an executory agreement for the parties, or to insert therein new and essential elements, or matter that is required by the Statute of Frauds to be reduced to

writing in order to make the contract valid and binding. In other words reformation does not mean recreation of a contract within the Statute. The first question is whether the contract is valid and binding on its face; if it is the court may under proper pleadings hear and consider parol evidence and consider propriety of reformation. Otherwise the court may not hear or consider such evidence and is powerless to create a valid contract for the parties. East v. Garcia, 295 S.W. 239 (San Antonio Civ.App.1927, error refused); Allen v. Kitchen, 16 Idaho 133, 100 P. 1052, 1057, L.R.A.1917A, 563, 18 Ann.Cas. 914 (1909).

 Under such theory of the law reformation is proper to correct misdescriptions of property as found in deeds and other instruments of transfer. 49 Tex.Jur.2d p. 622, "Reformation of Instruments", § 22, "Faulty descriptions", and authorities stated. See also at p. 674, § 60, "(Admissibility of evidence)—Parol evidence". It has been heretofore stated for this court that parol evidence to identify premises intended to be let would be admissible under plea of mistake in the description in a lease on which suit is based. Lovelady v. Harding, 207 S.W. 933 (Fort Worth Civ.App., 1918, no writ history).

Anyway, it has been held that even under a parol lease for more than one year the case was taken out of the Statute of Frauds where the lessee took possession of the premises and paid one or more monthly installments, and the tenant's obligation to pay rent for the agreed period is enforceable against him. Oak Cliff Realty Corporation v. Mauzy, 354 S.W.2d 693 (Fort Worth Civ.App., 1962, writ ref. n. r. e.), and cases therein cited. See also Texas Co. v. Burkett, 117 Tex. 16, 296 S.W. 273, 278, 54 A.L.R. 1397 (1927).

The trial court reformed the contract of the parties plaintiff and defendant so as to make it speak the truth and in correction of the mistake which occurred through the reduction of their understanding and agreed intent to writing. As so reformed the plaintiff lessor's suit was thus out of the Statute of Frauds, and the true contract of the parties was enforceable according to their actual agreement. We do not understand that the appellants, defendant lessees, contend to the contrary, but rather that they predicate their appeal on the theory that plaintiff's case may not be taken out of the Statute. In this they are in error. Plaintiff was entitled to the rental for his property awarded by the trial court.

Judgment is affirmed.