**M. J. CHISHOLM, Appellant,**

v.

**Mary Inman HIPES, as Executrix of the Estate of J. S. Hipes, Deceased.**

No. 8693.

Court of Civil Appeals of Texas, Amarillo.

May 9, 1977.

Sanders, Saunders, Brian, Finney & Thomas, Jerry K. Sawyer, Amarillo, for appellant.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, Alan B. Jones, Amarillo, for appellee.

ROBINSON, Justice.

This is a suit brought by a licensed real estate broker, M. J. Chisholm, to recover the balance of a commission allegedly due and owing him under a real estate contract and alternatively for the reformation of the contract to correct the description of the land to be conveyed. Defendant Mary Inman Hipes, as Executrix of the Estate of J. S. Hipes, deceased, answered that the action was barred by the Statute of Frauds Provision of the Texas Real Estate Act; that reformation was unavailable on the facts; and that plaintiff's causes of action were barred by the statute of limitations. The trial court granted the defendant's motion for summary judgment. Plaintiff appeals. Affirmed.

The facts are undisputed.

On June 18, 1970, J. S. Hipes, as vendor, entered into a contract with Jack H. Rich, as purchaser, whereby Hipes for $4,500 per acre, would sell Rich property described as follows:

Lying and situated in City of Amarillo, Potter County, Texas, Tract # 1 consisting of 24 acres more or less, out of the S.W. ¼ of Section 6, Block 2, A.B.&M. Survey. For conveyance of title and exact purchase price a survey and metes and bounds description will be used.

The contract provided that Hipes would pay Chisholm a commission of 5% for negotiating the sale.

On October 14, 1971, the last of two contingencies, to which the contract was subject, was met.

On December 30, 1971, Hipes conveyed to Rich a tract of land out of Section No. 106, Block 2, A.B.&M. Survey, Potter County, Texas, described by metes and bounds. The metes and bounds description covered 24.128 acres of land in Section 106 as described in the field notes prepared on June 29, 1970, of a survey made at the request of Chisholm. We note that the tract conveyed was in Section 106 rather than in Section 6 as provided in the contract and that the field notes had not been prepared at the time the contract in question was executed.

On May 5, 1974, Hipes died, leaving a will naming his wife, Mary Inman Hipes, as Independent Executrix of his estate. Plaintiff, in an affidavit opposing summary judgment, stated that before his death Hipes paid him a total of $2,498.46 in partial payment of the commission due him.

On September 11, 1974, the plaintiff filed a claim with the defendant's estate for the unpaid balance in the amount of $2,852.00. The claim was denied by operation of law thirty days later.

On January 8, 1975, this suit was filed.

■ A summary judgment should be granted only if there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Rule 166–A, Texas Rules of Civil Procedure; *Farley v. Prudential Insurance Company*, 480 S.W.2d 176 (Tex.1972).

The defendant maintains that the contract is unenforceable because as a matter of law the property description in the written contract was insufficient under Tex. Rev.Civ.Stat.Ann. art. 6573a § 28 (1967) (now § 20(b)), and therefore summary judgment was proper.

Tex.Rev.Civ.Stat.Ann. art. 6573a § 20(b), which is the Statute of Frauds provision of the Real Estate License Act provides that:

> An action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by a party to be charged or signed by a person lawfully authorized by him to sign it.

■ The written memorandum required by § 20(b) must satisfy the same rules which govern the sufficiency of an instrument under the general Statute of Frauds. *Pickett v. Bishop,* 148 Tex. 207, 223 S.W.2d 222 (1949). Therefore, to be sufficient under § 20(b), a writing must meet a two-prong test whereby it furnishes within itself or by reference to some other existing writing the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150 (1945). In *Parks v. Underwood,* 280 S.W.2d 320 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.), a case in which a broker attempted to recover a commission under an insufficient oral listing contract, the court said:

> . . . the description of the property covered by the contract must by its written terms alone furnish definite information which will, by following such information to its source, identify the real estate listed with the agent with such definiteness that it may be distinguished from all other tracts of land, in other words the language used must refer to only one tract of land, clear as to location and boundaries.

■ When a writing describes land only by quantity and as being part of a larger tract without further identification of the tract to be conveyed, it will not satisfy the statute of frauds. *Smith v. Sorelle,* 126 Tex. 353, 87 S.W.2d 703 (1935). *Greer v. Greer,* 144 Tex. 528, 191 S.W.2d 848 (1946).

■ We overrule plaintiff's contention that because the contract provided for the conveyance of title by a survey and metes and bounds description, that the particular survey and metes and bounds description later used in the conveyance from Hipes to Rich may be considered as a part of the contract. The property description in the contract does not refer to any particular existing survey or metes and bounds description and, thus, does not furnish the essential element—something within the instrument itself to which the extrinsic evidence can be tied—which makes extrinsic evidence admissible. See *Continental Supply Co. v. Missouri, K. & T. Ry. Co. of Texas,* 268 S.W. 444, 446 (Tex.Com.App. 1925, opinion adopted).

Cases such as *LeBow v. Weiner,* 454 S.W.2d 869 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.) cited by defendant do not control the case before us. In *LeBow* the court held that a subsequent survey could be resorted to for determination of the precise acreage to be conveyed where the property description used was sufficient for one familiar with the locality to identify the property with reasonable certainty. The court there found that:

> . . . from a consideration of the instrument that the parties knew *exactly* what was to be conveyed by LeBow to Weiner. The only question in the minds of the parties was the precise acreage which would show up on a square footage measurement of the land after the survey. (Emphasis added).

However, plaintiff contends that, even if he may not recover on the contract as written, he is entitled to have the contract reformed so as to permit recovery. With regard to the cause of action for reformation, defendant contends, inter alia, that the cause is barred as a matter of law by limitations.

Tex.Rev.Civ.Stat.Ann. art. 5529 (1925) provides a four year statute of limitations for the reformation of instruments.

■ One who executes an instrument is charged with knowledge of its contents and therefore any cause of action for reformation runs from the date of execution. *Ken-*

**522**

*nedy v. Brown,* 113 S.W.2d 1018 (Tex.Civ. App.—Amarillo 1938, writ dism'd); *LaNeve v. Hinkson,* 271 S.W.2d 467 (Tex.Civ.App.— Eastland 1954, writ ref'd n. r. e.); *Hendes v. Gale,* 376 S.W.2d 922 (Tex.Civ.App.—San Antonio 1964, writ ref'd n. r. e.).

 In spite of this presumption of knowledge, a plaintiff is able to avoid the bar of limitations if he can show that his delay in discovering the mistake was due to something the defendant said or did which would lull the plaintiff into a sense of security in reference to the matter, *Kennedy v. Brown,* supra, at 1020; *Hutchins v. Birdsong,* 258 S.W.2d 218 (Tex.Civ.App.—Texarkana 1953, writ ref'd n. r. e.); *Sheffield v. Lewis,* 287 S.W.2d 531 (Tex.Civ.App.—Texarkana 1956, no writ); *McKee v. Douglas,* 362 S.W.2d 870 (Tex.Civ.App.—Texarkana 1962, writ ref'd n. r. e.).

The burden of adducing evidence on a question of limitations in a summary judgment is set out in *Birdwell v. American Bonding Company,* 337 S.W.2d 120 (Tex.Civ. App.—Fort Worth 1960, writ ref'd n. r. e.), as follows:

> . . . a defendant is entitled to prevail in his motion for summary judgment based upon demonstration that the claim is barred by the affirmative defense of limitation in the absence of plaintiff's ability to explain and excuse his delay by discharging his correlative burden (shifted to him as the result of the proof by the defendant) of specifying some evidence which would change the result otherwise undoubtedly achieved by the defendant as the moving party.

 The date of execution of the contract in question and the date of the filing of the cause of action for reformation before us are undisputed and it is established that there is no fact issue in that regard. Therefore, plaintiff has the burden of offering summary judgment evidence to raise a fact issue which would excuse the delay in filing the cause for reformation.

Plaintiff contends only that because the sale was consummated and approximately one-half of the commission paid, that he was lulled into inaction and excused for his delay in filing suit.

 Plaintiff makes no allegation whatever that defendant or Hipes did or said anything to mislead plaintiff. Moreover, the law is well established in Texas that partial payments can be in no way considered as an acknowledgment of the justness of a debt. *Meusebach v. Halff,* 77 Tex. 185, 13 S.W. 979 (1890); *Judkins v. Jamison,* 83 S.W.2d 793 (Tex.Civ.App.—San Antonio 1935, writ dism'd). We conclude that plaintiff has failed to raise a fact issue which would excuse his delay in filing suit.

The foregoing holdings are dispositive of the cause before us. We do not reach appellant plaintiff's remaining points of error or appellee defendant's cross points. The judgment of the trial court is affirmed.