The **EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES**, Plaintiff-Appellee,

v.

**CUSHMAN & WAKEFIELD OF TEXAS, INC.**, Defendant-Appellant.

No. 79–4084

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 5, 1980.

Rehearing Denied July 2, 1980.

---

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

Carrington, Coleman, Sloman & Blumenthal, Corbet F. Bryant, Jr., Mark S. Werbner, Dallas, Tex., for defendant-appellant.

Locke, Purnell, Boren, Laney & Neely, Larry M. Lesh, C. Michael Moore, Dallas, Tex., for plaintiff-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This is an appeal from an order granting summary judgment to the Equitable Life Assurance Society of the United States in a diversity action brought by Equitable for a declaratory judgment that it does not owe a certain brokerage commission to Cushman & Wakefield.

Equitable, a New York corporation with its principal place of business in New York City, is a lessor of commercial real estate. Cushman & Wakefield, a Texas corporation with its principal place of business in Dallas, is a commercial real estate broker. In August, 1978, Texas Instruments, Inc., informed Cushman & Wakefield that it wished to lease additional office space in north central Dallas. Cushman & Wakefield, aware that Equitable had such space available in a building known as "Park Central VI," arranged for information about Park Central VI to be brought to the attention of Texas Instruments. Pursuant to this arrangement, Equitable and Cushman & Wakefield signed the following agreement:

CUSHMAN & WAKEFIELD of
Texas, Inc.

Commonwealth Plaza,

2964 LBJ Freeway, Suite 301;

Dallas, Texas 75234 (214) 247–9093

Mr. Piers Chance
Building Manager
Park Central
7616 LBJ Freeway, Suite 616
Dallas, TX 75251

Re: Proposed Lease between The Equitable Assurance Society of the United States, as Landlord, and Texas Instruments, as Tenant, in Park Central VI

Gentlemen:

This letter, when agreed to by you, will confirm our agreement with respect to the compensation to be paid to Cushman & Wakefield of Texas, Inc. (C&W) in consideration for its brokerage services in connection with the above captioned lease as follows:

In the event of the execution and delivery of the lease by and between Landlord and Tenant, you shall pay to C&W a brokerage commission computed in accordance with the annexed schedule. It is understood that Texas Instruments may require up to 200,000 square feet of contiguous space which may result in an additional lease, build-to-suit or direct purchase and as further consideration for brokerage services performed by C&W and for our introducing you to our customer, you agree to also recognize C&W as Broker and pay C&W a commission in accordance with the attached Schedule if Texas Instruments shall subsequent to the original lease agreement, lease or purchase any other property owned or controlled by you.

If the foregoing accurately sets forth our agreement, kindly sign and return the enclosed copy hereof.

Sincerely,

Jay Dee Allen, Jr.

ACCEPTED AND AGREED TO

THIS 10 day of August, 1978.

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES

By/S/ Piers Chance

Title Gen. Mgr.

Three months later Texas Instruments executed a written lease agreement with Equitable for office space in Park Central VI. Cushman & Wakefield demanded that Equitable pay it a commission in accordance with the commission agreement. Equitable refused and in March, 1979, filed this suit for a declaratory judgment. Cushman & Wakefield counterclaimed for the commission.

In October, 1979, Equitable filed a motion for summary judgment contending that it was entitled to judgment as a matter of law (1) because the commission agreement relied on by Cushman & Wakefield was void by reason of a provision of the Texas statute of frauds and (2) because Cushman & Wakefield was not the "procuring cause" of the Equitable-Texas Instruments lease. On the basis of Equitable's statute of frauds claim, the district court granted the motion and ordered that Cushman & Wakefield take nothing on its counterclaim. Because the issue was one inappropriate for disposition on summary judgment, we reverse.

Under the relevant Texas statute of frauds, a real estate brokerage commission agreement is enforceable only if the real estate that is the subject of the agreement may be identified with "reasonable certainty." *E. g., Chisholm v. Hipes*, 552 S.W.2d 519, 521 (Tex.Civ.App.1977). *See* Real Estate License Act, Tex.Rev.Civ.Stat.Ann. art. 6573a, § 20(b) (Vernon Supp.). Rejecting Cushman & Wakefield's offer of extrinsic evidence allegedly identifying the location of "Park Central VI," the district court held that, as a matter of Texas law, real estate is identifiable with reasonable certainty only if specific reference to its location is made in the writing itself. The court found that such was not the case here. After noting that the agreement gave "no address (street, city or state) or legal description (lot, plat, addition, etc.)" for Park Central VI, the court concluded that, despite the Dallas letterhead on the agreement and the agreement's Dallas address, " 'Park Central VI' could be in another city or state; one simply cannot discern the location of 'Park Central VI' with reasonable certainty from the face of this agreement." It thus held the agreement void under the Texas statute.

As Cushman & Wakefield argues, the district court misconstrued Texas law. The Texas courts have observed on a number of occasions, quoting Corpus Juris, that

The office of a description is not to identify the land, but to afford the means of identification, and when this is done, it is sufficient. Generally, therefore, any description is sufficient by which the identity of the premises can be established, or which furnishes the means of identification. A conveyance is also good if the description can be made certain within the terms of the instrument.

*Oak Cliff Realty Corp. v. Mauzy,* 354 S.W.2d 693, 694 (Tex.Civ.App.1962) (holding sufficient description of land by particular name by which it is known in locality: "Jefferson Tower"); *Krueger v. W. K. Ewing Co.,* 139 S.W.2d 836, 839 (Tex.Civ.App.1940) (holding sufficient description of property by common or particular name by which it is known in locality where situated: "San Gabriel Apartments"). *See, e. g., Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150, 152 (1945); *Chisholm v. Hipes,* 552 S.W.2d at 521; *Mauro v. Wildwood Co.,* 426 S.W.2d 322, 324–25 (Tex.Civ.App.1968); *Manning v. Barnard,* 277 S.W.2d 160, 164 (Tex.Civ.App. 1955). Cushman & Wakefield contends that a party familiar with the Dallas, Texas, area could, with reasonable certainty, identify and locate the real estate at issue in the agreement from the agreement's "Park Central VI" description. *See, e. g., Riebe v. Foale,* 508 S.W.2d 175, 178 (Tex.Civ.App. 1974). Because we cannot say that this contention is false as a matter of law, Cushman & Wakefield is entitled to a remand for an opportunity so to prove. *See, e. g., Walker Barnebey Co. v. Schmidt,* 374 S.W.2d 277, 278–79 (Tex.Civ.App.1963).[1]

■ Leaving aside the substantial question of whether or not the commission agreement made "procuring cause" a prerequisite to Cushman & Wakefield's right to a commission, our perusal of the record in this case also leads us to observe that whether Cushman & Wakefield was the procuring cause of the lease agreement reached between Equitable and Texas Instruments is a question involving genuine issues of material fact that would also be inappropriate for disposition on summary judgment.

The case is REVERSED and REMANDED for further proceedings consistent with this opinion.

---

1. We agree with Cushman & Wakefield that, contrary to Equitable's contention, it is not necessary under the Texas statute of frauds for a written commission agreement concerning the lease of space in an unfinished office building to specify the exact boundaries of the space.