**Jack CORMAN, Appellant,**

v.

**Bob CARLSON, Appellee.**

No. 20989.

Court of Appeals of Texas, Dallas.

March 10, 1982.

Rehearing Denied April 8, 1982.

Hubert D. Johnson, Johnson & Craven, Dallas, for appellant.

Richard E. Miller, Randall C. Grasso, Robertson & Stensrud, Dallas, for appellee.

Before TED Z. ROBERTSON, FISH and GUILLOT, JJ.

FISH, Justice.

Bob Carlson, a real estate agent, sued Jack Corman, a co-owner of a shopping

center in Richardson, Texas, to recover a real estate commission for negotiating a lease on premises within the center. The trial court rendered judgment on the jury's verdict for the agent and overruled the owner's motion for judgment. On this appeal, the owner's principal contention is that the agent's recovery is barred because no writing or memorandum exists sufficient to satisfy the requirements of The Real Estate License Act, article 6573a, sec. 20(b), Tex. Rev. Civ. Stat. Ann. (Vernon Supp. 1982). That section provides that:

"[A]n action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged or signed by a person lawfully authorized by him to sign it."

We agree with this contention and hold that the trial court should have granted the owner's motion for judgment.

It is undisputed that the only writing containing the parties' agreement for payment of a real estate commission is a letter dated May 17, 1977. That letter states in pertinent part:

"This letter is to serve as our commission agreement for negotiating a lease with Denny's Inc. for a donut store at the Richardson East Shopping Center located at Belt Line and Plano Road in Richardson, Texas.

"Mr. Brown and Mr. Corman agree to pay Bob Carlson the commission amount of $8,424."

\*      \*      \*      \*      \*      \*

In determining whether this writing satisfies the requirements of article 6573a, sec. 20(b), we must measure it by the same standards established in cases construing the general statute of frauds, art. 26.01, Tex. Bus. & Comm. Code (Vernon 1968) and its predecessor, art. 3995, Tex. Rev. Civ. Stat. Ann. *Pickett v. Bishop,* 148 Tex. 207, 223 S.W.2d 222, 223 (1949). Those cases hold that a writing or memorandum is insufficient to comply with the statute unless it furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be sold may be identified with reasonable certainty. *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150, 152 (1945).

The agent contends that the terms of the letter quoted above, together with parol evidence, were enough to identify the land with reasonable certainty, thus satisfying the demands of the statute. We disagree. According to the parol evidence, the parties contemplated, at the time the May 17 letter agreement was executed, the lease of an undesignated parcel of not less than 13,910 square feet for a donut store, out of a larger 11.1729 acre shopping center tract. The lease that was later signed, however, for which the agent claims a commission, was for a parcel of approximately 25,000 square feet. Obviously, therefore, the parcel that was ultimately leased contained land that was different, in whole or part, from the land described in the May 17 letter agreement.

When a writing describes land only as part of a larger tract, without further identification of the tract to be conveyed, it will not satisfy the statute of frauds. *See Morrow v. Shotwell,* 477 S.W.2d 538, 539–40 (Tex. 1972) and cases cited therein at 540; *Chisholm v. Hipes,* 552 S.W.2d 519, 521 (Tex. Civ. App.—Amarillo 1977, no writ). Consequently, the letter's reference only to lease of a donut store somewhere in the Richardson East Shopping Center is insufficient.

The trial court's judgment is reversed and judgment is rendered that the agent, plaintiff below take nothing.