NO. 07-04-0556-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 17, 2004



______________________________




GARRY LISTER, NANCY LISTER AND DORETTA MOORE, APPELLANTS



V.



LEE-SWOFFORD INVESTMENTS, L.L.P., APPELLEE




_________________________________



FROM THE 31ST DISTRICT COURT OF ROBERTS COUNTY;



NO. 1828; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On November 24, 2004, the clerk of this Court received a copy of a notice of appeal
filed on behalf of appellants Garry Lister, Nancy Lister and Doretta Moore. By letter dated
November 30, 2004, the clerk notified appellants that the filing fee and docketing statement
had not been received, and that failure to pay the filing fee and file the docketing statement
within ten days from the date of the letter could result in dismissal of the appeal. Tex. R.
App. P. 32.1, 42.3(c); see Tex. R. App. P. 5. 

 That date has passed and no response has been received. Accordingly, this appeal
is dismissed. Tex. R. App. P. 42.3(c).

 James T. Campbell

 Justice




 

 



of their remaining acreage for $3500,
payable in monthly installments. The Wagners made a payment in March of 1997 in the
amount of $300. That payment was reflected in a receipt signed by Paul Trocchio
indicating that it was a "Land Payment" for two months "on one acre of Land." The
Wagners made another payment in August of 1997 in the amount of $1000, which was
reflected by an unsigned receipt indicating "payment on one acre Land." According to the
Wagners, they made an additional payment of $200 in July of 1999, which was allegedly
memorialized by an unsigned receipt bearing a "Mac Tools" heading and reflecting only
the name "Tony" and the figure "$200.00." In August of 2001, the Wagners employed a
surveyor to prepare a plat of survey of the land they were attempting to purchase. (2) The
Trocchios, on October 31, 2001, filed suit against the Wagners claiming they were
trespassing and seeking a "judgment for title to the real and personal property." 

 At trial, the court heard the testimony of the Trocchios, the Wagners, and the
Hoppers regarding their recollections of the terms of the agreement for the sale of the land
in issue. The court also admitted into evidence the three receipts referenced above, along
with the plat of survey. At the close of evidence, the trial court rendered judgment in favor
of the Wagners declaring them to be "the owners of the real property in question," fixing
the amount the Wagners still owed on the land, and setting the interest rate to be applied
to the principal. The trial court denied the Wagners' counterclaim for damages for the
value of the improvements they claimed they had made to the property. (3) Finally, the trial
court granted the Trocchios an equitable vendor's lien to be enforced in the event the
Wagners did not pay the balance due on the property within 120 days of the date of the
entry of the judgment. In response to a request by the Trocchios, the trial court entered
findings of fact and conclusions of law upon which it based the judgment.

 With one issue, the Trocchios claim the evidence is legally and factually insufficient
to support either the judgment or the findings of fact and conclusions of law entered by the
trial court because the agreement between the parties did not satisfy the statute of frauds. 
Specifically, the Trocchios complain the agreement violated the statute because it was not
in writing and was not signed by the them. Finding that the receipts and survey plat, taken
together, are insufficient to satisfy the statute of frauds in this case, we agree.

 Initially, we note that findings of fact in a bench trial have the same force as a jury's
verdict upon jury questions. City of Clute v. City of Lake Jackson, 559 S. W.2d 391, 395
(Tex.Civ.App.-- Houston [14th Dist.] 1977, writ ref'd n.r.e.). Findings of fact are reviewable
for factual and legal sufficiency under the same standards that are applied in reviewing
evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799
(Tex.App.--Houston [14th Dist.] 1990, no writ); see also W. Wendell Hall, Revisiting
Standards of Review in Civil Appeals, 24 St. Mary's L.J. 1045, 1145 (1993). 

 Where an appellant challenges both legal and factual sufficiency of the evidence,
the appellate court should first review the legal sufficiency challenge. Glover v. Texas
Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981). In doing so, the reviewing court
considers the evidence in the light most favorable to the finding to determine if there is any
probative evidence, or reasonable inferences therefrom, which supports the finding. Id.
at 401. The court disregards all evidence and inferences to the contrary. Weirich v.
Weirich, 833 S.W.2d 942, 945 (Tex. 1992). In considering a factual sufficiency issue, we
review all the evidence and reverse only if the challenged finding is so against the great
weight and preponderance of the evidence as to be manifestly unjust. See Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). We are not to reweigh the evidence and set
aside the finding merely because we feel a different result is more reasonable. Id. at 634. 
We are not so bound by the trial court's conclusions of law and review those conclusions
de novo to determine their correctness. Hydrocarbon Mgt. v. Tracker Exploration, 861
S.W.2d 427, 431 (Tex.App.-Amarillo 1993, no writ). 

 As pertinent to the resolution of this appeal, the trial court made the following
findings of fact:

 * * *


 2. The agreement reached between [the Trocchios] and [the
Wagners] with regard to the sale of the real property in
question is supported by a writing signed by Paul Trocchio.


 That there were written receipts signed by [Trocchios] and
accepted by [the Wagners].
 That there was a survey prepared that described the land
conveyed.


 * * *



 That [the Wagners] were pay [sic] 8.5% interests [sic] on the
unpaid balance.


 

Based upon the preceding findings, the court then entered the following pertinent
conclusions of law:

* * *



 That the receipts and survey satisfy the statute of frauds.
 That the receipts and survey set forth the essential terms of
the contract for the purchase of the one-acre.
 The contract is sufficiently defined in its terms that the Court
can understand what the promissor under took [sic].
 The terms of the contract are expressed in a manner that the
Court is capable of understanding the terms and fix the legal
obligations and liabilities of the parties within reasonable
certainty.
 That there was a meeting of the minds on all essential
elements of the contract.


 A contract for the sale of real estate is not enforceable under the statute of frauds
unless the promise or agreement, or a memorandum of it, is (1) in writing; and (2) signed
by the person to be charged with the promise or agreement or by someone lawfully
authorized to sign for him. See Tex. Bus. & Com. Code Ann. § 26.01(a) & (b)(4). The
statute of frauds also requires that the memorandum of the agreement be complete within
itself in every material detail and contain all essential elements of the agreement so that
the contract can be ascertained from the writings without resort to oral testimony. Crowder
v. Tri-C Resources, Inc., 821 S.W.2d 393, 396 (Tex.App.-Houston [1st Dist.] 1991, no writ).
No part of the memorandum is more essential than the description of the land. Id. The
legal description "must be furnished with the original writing itself, or by reference to some
other existing writing." Boddy v. Gray, 497 S.W.2d 600, 603 (Tex.Civ.App.--Amarillo 1973,
writ ref'd n.r.e.)(emphasis in original). 

 In determining whether a memorandum is sufficient to comply with the statute of
frauds, the trial court is confined to what the memorandum contained or referred to on the
date of its execution. Taber v. Pettus Oil & Refining Co., 139 Tex. 395, 162 S.W.2d 959,
961 (1942). The written evidence required under the statute of frauds need not be
comprised in a single document; rather, two or more scripts in combination will do. Street
v. Johnson, 96 S.W.2d 427, 429 (Tex.Civ.App.-Amarillo 1936, no writ). However, before
the memorandum can be supplemented to avoid the bar of the statute of frauds, both it and
the physically connected instruments must show on their faces, either by express
reference to each other or by reference to the same subject matter, their connection to
each other. Douglass v. Texas-Canadian Oil Corporation, 141 Tex. 506, 174 S.W.2d 730,
731 (1943).

 The trial court determined that the three receipts and the plat of survey, taken
together, satisfied the statute of frauds. However, none of the receipts provided a
sufficient legal description of the property. Cf. Chisholm v. Hipes, 552 S.W.2d 519, 521
(Tex.Civ.App.--Amarillo 1977, no writ)(when a writing describes land only by quantity and
as being part of a larger tract without further identification of the tract to be conveyed, it
will not satisfy the statute of frauds). An adequate legal description of the land was
especially important in this case because (1) the tract under consideration was to be
carved out of what was left of the Trocchios' ten acre tract, and (2) the property described
on the plat prepared by the surveyor in August 2001 did not correspond to the property
originally under consideration. Indeed, Wagner testified at trial, "the property that I got,
all right, is different than what I have surveyed here." (4) In addition, only one of the receipts
was actually signed by the party to be charged, and none of them referenced any other
written description of the land at issue. The plat of survey could not have provided the
requisite legal description because it was not even in existence at the time the "contract"
for the sale of land was executed in late '96 or early '97. Furthermore, the plat did not
reflect the parties' signatures, and it did not reference the receipts. Finally, none of the
documents relied upon by the trial court referred to the interest rate to be charged (though
each party agreed interest was to be applied), the amount of the monthly installments, or
the length of the contract. It can hardly be said under the circumstances presented here
that the memorandum of the agreement was complete within itself in every material detail
and contained all essential elements of the agreement. Crowder, 821 S.W.2d at 396. In
short, the evidence is legally insufficient to support the trial court's judgment. That
conclusion pretermits a discussion of the Trocchios' factual insufficiency claim. The
Trocchios' sole issue is sustained. 

 Having found the evidence legally insufficient, we have the duty to render the
judgment the trial court should have rendered. See Tex. R. App. P. 43. 2(c). Accordingly,
the trial court's judgment is reversed, and judgment is hereby rendered in favor of the
Trocchios that they have title to the property in question, and that they are entitled to a writ
of possession to reclaim it. With respect to the trial court's denial of the Wagners'
counterclaim for damages, we reverse and remand for further proceedings in accordance
with this opinion. Tex. R. App. P. 43.2(d). 

 Don H. Reavis

 Justice
1. There is no evidence that any of the tracts were fenced. 
2. Because the plat of survey offered into evidence at trial by the Wagners described
the land by metes and bounds, we conclude none of the Trocchios' land was platted into
lots or blocks. 
3. Among other improvements, the Wagners drilled a water well in 1998 or 1999.
4. Apparently, after the survey was done, the Trocchios "changed the property" to
eliminate a roadway that connected their property to that owned by one of their sons.