Jack W. MILLER, et al., Appellants,

v.

Gerald N. VINEYARD, et al., Appellees.

No. 3–87–068–CV.

Court of Appeals of Texas,
Austin.

Feb. 1, 1989.

Rehearing Denied March 15, 1989.

David D. Towler, Law Offices of Adams & Hunter, San Antonio, for appellants.

Ronald D. Zipp, New Braunfels, for appellees.

Before SHANNON, C.J., and GAMMAGE and EARL W. SMITH,* JJ.

## ON MOTION FOR REHEARING

SHANNON, Chief Justice.

The opinion handed down by this Court on September 28, 1988, is withdrawn and this opinion is filed in its stead.

Appellees Gerald N. Vineyard and Patsy N. Vineyard sued appellant Jack W. Miller, et al., in the district court of Comal County for anticipatory breach of a lease agreement. After a bench trial, the district court rendered judgment that appellees recover from Miller $14,675.00 together with prejudgment interest. This Court will modify the judgment and will affirm the judgment as modified.

In September 1985, appellees held title to certain real property and improvements located in Comal County known as "Busy Corner Auto Service." On September 30, 1985, appellees entered into a lease option

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't.Code § 74.003 (1988).

agreement with appellant Miller. By the agreement, Miller agreed:

1. To lease the property, as part of the consideration for the option to purchase, for a period of eighteen months at $1,150 each month with the first payment due on October 1, 1985, until $20,700 was paid in full;

2. To pay $10,000.00 for the option to purchase the property, which was to be exercised on or before April 1, 1987 payable at $1000.00 per month with the first payment due on October 1, 1985, until the $10,000.00 was paid in full; and

3. That should Miller not exercise his option to purchase, he would lease the property for an additional forty-two months, at $1,150.00 each month, beginning April 1, 1987, for a total consideration of $48,300.00.

Appellees were empowered under the agreement to cancel Miller's option to purchase in case of default. The agreement, however, does not address appellees' authority to declare a forfeiture of the lease in the event of default and is also silent respecting Miller's liability for lease payments after breach.

Miller performed under the contract for four months by making the lease option payments. However, in February 1986 Miller vacated the premises without notice and made no further payments. After discovering that Miller had vacated, appellees eventually succeeded in renting the premises to a new tenant on a month-to-month basis for $975.00 each month. Appellees then filed suit against Miller for damages for anticipatory breach of the agreement.

Miller defended the suit claiming *inter alia* that appellees had declared a forfeiture of the lease and, accordingly, that he was relieved from liability for payment of future rentals. Miller asserted further that appellees, in pleading their claim against him, had committed usury thereby excusing his performance under the agreement.

After rendering judgment for appellees, the district court found, *inter alia*, damages in the sum of $14,675.00. Of that total, $5,750.00 represented the monthly lease payments due under the agreement from February 1, 1986, until appellees were able to relet the premises on June 30, 1986. The balance, $8,925.00, represented the monthly lease payments due under the agreement for the balance of the lease term less the rentals to be paid by the new tenant. Respecting Miller's defenses, the district court failed to find that appellees forfeited the lease and failed to find that appellees had charged usurious interest.

■ By two points of error Miller claims that the district court erred in failing to find that appellees had declared a forfeiture of the lease because the evidence conclusively proved forfeiture or, alternatively, because the district court's failure to find forfeiture was so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

■ In the context of a lease agreement, a forfeiture is a penalty provided *by the terms of the agreement* for the breach of a covenant in the agreement. Rescission, on the other hand, is an equitable remedy that terminates the agreement by force of law and is independent of any provision of the agreement. The practical effect is the same: the tenant's obligation to pay rent ends at the time of forfeiture or rescission. Stovall, *Remedies of the Landlord,* 13 Baylor L.Rev. 374 (1961). A corollary of this rule is that the tenant's obligation to pay rent continues until such an event occurs. Accordingly, this Court must determine whether the record supports the district court's refusal to find that rescission (forfeiture) occurred.

In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the jury's findings and consider only the facts and circumstances which tend to support those findings. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W. 2d 609 (1950). In reviewing factual sufficiency points of error, the court considers all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's*

*Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Miller's most convincing evidence of appellees' intent to rescind the lease is Gerald Vineyard's somewhat ambiguous statement that the lease was "terminated" until he "got paid." However, a layman's loose usage of a word with possible legal significance is not conclusive evidence of his intent.

Some evidence suggests that appellees did not rescind; this evidence includes Gerald Vineyard's testimony that he was willing to allow Miller to continue under the lease-option agreement if Miller would pay all past due payments under the lease and give thirty days notice so that appellees could retake possession of the premises. Appellee Vineyard also testified that Miller attempted to terminate the lease and that he, Vineyard, refused to accept the termination.

Rejecting all of the evidence contrary to the district court's finding and considering only the facts and circumstances tending to support that finding, this Court has no difficulty in concluding that all of the evidence did not require a finding that appellees intended to and did cancel the lease agreement. *Renfro Drug Co. v. Lewis, supra.* Accordingly, Miller's no evidence point is overruled.

This Court has considered all of the evidence respecting appellees' intent to cancel, or their actual cancellation of, the lease agreement. *In re King's Estate, supra.* The fact that appellees rented the premises to another upon Miller's vacating in violation of the agreement does not effect a release of Miller from the agreement. At most, it only raises a question of fact about appellees' intent to release Miller from the contract. *Marathon Oil Co. v. Rone,* 83 S.W.2d 1028, 1031 (Tex.Civ.App.1935, writ ref'd). It is evident that the proof is conflicting, and under such circumstances, the fact finder may, of course, accept part of the testimony of a witness and disregard the remainder. Further, the fact finder is the judge of the credibility of the witnesses and the weight to be accorded their testimony. *Harrell v. Sunylan Co.,* 128 Tex. 460, 97 S.W.2d 686 (1936). Miller's factual sufficiency point is overruled.

■ By point of error one, Miller claims that there is no evidence or insufficient evidence to support the amount of damages awarded appellees for breach of a lease agreement. As previously stated, the lease agreement was for a term of five years at a rental of $1,150.00 each month. The proof was that Miller performed under the contract for four months by making the lease payments. In February 1986, he vacated the premises and made no further payments. After discovering that Miller had vacated, appellees eventually rented the premises to a new tenant on a month-to-month basis for $975.00 each month.

The judgment awarded appellees damages in the sum of $14,675.00. The sum of $5,750.00 represented the monthly lease payments due under the lease agreement from February 1, 1986, until appellees were able to rent the premises on June 30, 1986. The balance of $8,925.00 represented the monthly lease payments due under the agreement for the remainder of the lease term less the rentals to be paid by the new tenant. The point of error is overruled.

■ Miller claims by point of error two that the district court erred in its calculation of damages by failing to discount to present value the future rentals due under the agreement. We need not address this complaint because Miller failed to preserve the claimed error for appellate review since he did not point out to the district court the claimed infirmity in the damages. Tex.R. App.P. Rule 52(a) (Supp.1988). On motion for rehearing, Miller claims that he pointed out the claimed error by requesting an amended finding of the court to the effect that "Gerald M. Vineyard, et ux, has suffered no damage occurring after December 5, 1986." The requested amended finding fails to specify any relevant, intelligible infirmity in the damage award. As such, any error that may have existed was not brought to the district court's attention and is waived. The point is overruled.

■ By his fifth point, Miller contends that the district court erred in failing to

find that appellees charged Miller interest in excess of the amount allowed by law "because this was established as a matter of law, or alternatively, such failure to find was against the great weight of the evidence."

The district court concluded that "no usurious interest was charged by" appellees. Miller asserted usury as a defense and as a ground of recovery. In both instances, Miller had the burden to obtain an affirmative determination of usury; it was not appellees' burden to obtain a determination that usury did not exist. Accordingly, this Court will regard the district court's determination as one that Miller failed to carry his burden to establish usury.

In their original petition, appellees pleaded that: "[t]here remains due and owing to Plaintiffs (Appellees) the sum of $71,-550.00, with interest thereon at the rate of 10% since February 1, 1986...." In their prayer appellees also requested "[p]rejudgment interest on the amounts due under the contract from February 1, 1986, until date of judgment." Miller asserts that appellees' allegations in the petition constituted the "charging" of usurious interest. *Cf. Moore v. Sabine National Bank of Port Arthur,* 527 S.W.2d 209 (Tex.Civ.App.1975, writ ref'd n.r.e.).

Miller claims that a significant part of the amount claimed to be "due and owing" cannot be so classified because there is no provision in the lease-option agreement that allows appellees to "accelerate" any of the installment payments. In short, Miller urges that the "charge" for prejudgment interest on the $71,550.00, which includes payments which were not "due and owing", constitutes usury. Miller reasons that because the payments that were wrongfully accelerated were not "due and owing", the request for prejudgment interest on the amount which was not "due and owing" was usurious.

By statute, interest is defined as "the compensation allowed by law for the use or forbearance or detention of money" Tex. Rev.Civ.Stat.Ann. art. 5069–1.01(a). "Prejudgment interest is that interest calculated on the sum payable to the plaintiff from the time of his loss or injury. It is recoverable as a matter of right where an ascertainable sum of money is determined to have been due and payable at a date certain prior to judgment." *Rep. Nat. Bank v. Northwest Nat. Bank,* 578 S.W.2d 109, 116 (Tex.1978).

■ Miller's argument ignores the fact that appellees' suit was one for damages for anticipatory breach of the lease agreement. A lease agreement may be anticipatorily breached where one party, after partial performance, unconditionally repudiates liability for further performance. *Wukasch v. Hoover,* 247 S.W.2d 593, 597 (Tex.Civ.App.1952, aff'd at 152 Tex. 111, 254 S.W.2d 507 (1953). Under such circumstances, the injured party has the present right to file suit to receive in damages the present value [1] of all that he would have received had the contract been performed. Applied to the facts in this appeal, appellees properly pleaded in their suit for anticipatory breach that they were entitled to receive in damages the balance of the lease agreement together with pre-judgment interest.

Appellees' request for prejudgment interest constitutes a prayer for such interest on the amount that the district court ascertained to be due and payable at a date certain prior to judgment. The point is overruled.

■ By their first cross-point, appellees contend that the district court erred in failing to find that appellees made demand for payment upon Miller. Appellees are entitled to attorney's fees if they proved that a demand for payment had been made.

In support of their claim that demand for payment was made upon Miller, appellees refer to the following testimony by appellee Gerald Vineyard:

---

**1.** In point of error two, Miller complained that the district court failed to discount the present value of the future rentals in calculating appel-

lees' damages. As already stated, Miller failed to preserve the complaint for appellate review.

I think—I believe it was on the 12th that he finally returned the call. And at that time I asked him, I says, "Jack, what is going on?" And he said, "Jerry, [sic] I lost my ass out there and closed it down." And I said, "Well, Jack, I don't even have the keys to the place, nothing, you know." He said, "Well, I will be over this coming weekend and we can discuss it and hopefully come to a peaceful solution and I will bring you the keys."

All that is required for a presentment of a demand is the assertion of a right under the contract and a request for compliance. *Huff v. Fidelity Union Life Insurance Co.*, 158 Tex. 433, 312 S.W.2d 493, 500 (1958). The quoted testimony does not constitute a request by Gerald Vineyard that Miller comply with the agreement. Vineyard merely stated that he did not "even have the keys to the place, nothing you know." Vineyard's comment may not be viewed as the presentment of a claim, even a claim or demand as phrased in "customarily-used polite language of the day." *Huff, supra.* The cross-point is overruled.

■ In a second cross-point, appellees contend that the district court erred in refusing to render judgment for them for the $6,000 which represented the unpaid part of the consideration for the lease-purchase option. Under the lease-option agreement, Miller agreed to pay $1,000 each month until the $10,000 consideration for the lease-purchase option had been paid. The proof was that appellees only received four such payments. Accordingly, we grant the cross-point and order that appellees recover $6,000, such sum representing the unpaid balance of the option payments.

The judgment is reformed to reflect that appellees recover an additional $6,000.00, representing the balance of the unpaid option payments. In all other respects, the judgment is affirmed.