**Opinion issued March 21, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00293-CV

_____

**GARY SHEPHERD, LINDA SHEPHERD, AND ALL OTHER OCCUPANTS, Appellants**

**V.**

**MWS ACQUISITIONS, LLC, Appellee**

---

**On Appeal from the County Court**
**Llano County, Texas[1]**
**Trial Court Case No. 03015**

---

² Per the Texas Supreme Court's docket-equalization powers, this appeal was transferred from the Third Court of Appeals to this court on March 29, 2022. *See* TEX. GOV'T CODE § 73.001; Order Regarding Transfer of Cases from Courts of Appeals, Misc. Docket No. 22-9025 (Tex. Mar. 29, 2022). We are unaware of any relevant conflict between the Third Court's precedent and ours. *See* TEX. R. APP. P. 41.3.

## MEMORANDUM OPINION

Gary and Linda Shepherd appeal from a forcible-detainer suit in which the trial court awarded possession of the property at issue to MWS Acquisitions, LLC. The Shepherds contend there was not sufficient evidence that they received the statutorily required notice to vacate. Because we conclude the record contains both legally and factually sufficient evidence to support the trial court's finding that the Shepherds received notice, we affirm the trial court's judgment.

## BACKGROUND

MWS purchased the property where the Shepherds' home is located at a foreclosure sale. On October 6, 2021, MWS sent the Shepherds a notice to vacate the property within three days. MWS sent the notice by three different methods: (1) certified mail, return receipt requested; (2) regular mail; and (3) posting notice to the outside of the Shepherds' front door. MWS used the Shepherds' home address for the notices sent by certified mail and regular mail. Several days later, after the court clerk advised MWS to give the Shepherds a 30-day notice to vacate instead of the three-day notice MWS had given with the first notice to vacate, MWS sent an amended notice using the same three methods: (1) certified mail, return receipt requested to the Shepherds' home address; (2) regular mail to the Shepherds' home address; and (3) posting notice to the outside of the Shepherds' front door. The Shepherds contend that they never received any of these notices. Specifically, they

2

claim they never received the mailed notices because they do not receive mail at their home address; all of their mail goes to a separate P.O. Box with a different address.

MWS filed a forcible-detainer suit against the Shepherds in November, after the 30-day period to vacate the property had expired and the Shepherds did not vacate the property. The case was tried to the bench in a justice of the peace court and then de novo in county court. The county court ruled in favor of MWS and awarded it possession of the property. The Shepherds now appeal the county court's judgment.

## DISCUSSION

In three points of error, the Shepherds argue the trial court erred in awarding possession to MWS because MWS did not prove that the Shepherds received the notice to vacate, an element that MWS was required to prove to succeed in its forcible-detainer suit.

## A.    Trial court did not err in excluding mortgage statements

We first consider the Shepherds' claim that the trial court erred in excluding the mortgage statements they sought to introduce into evidence. The mortgage statements, the Shepherds argue, would have supported Gary Shepherd's testimony that he and his wife did not receive mail at their house because the mortgage statements were addressed to the Shepherds' P.O. Box.

3

### 1. Standard of review and applicable law

We review the trial court's exclusion of evidence for abuse of discretion. *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 836 (Tex. 2018). A trial court abuses its discretion when it acts without reference to guiding rules or principles or when its ruling is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Even if evidence is erroneously excluded, we may not reverse the trial court's judgment unless the error is harmful, meaning that it "probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1(a)(1); *see Gunn v. McCoy*, 554 S.W.3d 645, 666 (Tex. 2018) (to reverse trial court's judgment based on exclusion of evidence, appellate court must conclude trial court committed error and that error was harmful). We will uphold a trial court's evidentiary ruling as long as there is any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

### 2. Analysis

The Shepherds sought to introduce several mortgage statements into evidence. Each mortgage statement was addressed to Gary Shepherd and listed the Shepherds' P.O. Box as the mailing address. The Shepherds intended to use the mortgage statements to show they were receiving mail at their P.O. Box and not their home address.

The Shepherds argue on appeal that these mortgage statements would have helped prove their claim that the notice to vacate was never delivered because it was sent to the wrong address, their home address, instead of their P.O. Box where they received mail. We disagree that the mortgage statements could prove the notice to vacate was not delivered; at most, the mortgage statements would prove the Shepherds received mail at a P.O. Box. But receiving mail at a P.O. Box does not prove the Shepherds did not receive mail at their home address or that the notice to vacate was never delivered. *See Carroll v. Bank of N.Y.*, No. 10-03-00319-CV, 2005 WL 241224, at *2 (Tex. App.—Waco Feb. 2, 2005, no pet.) (mem. op.) (evidence that appellant had P.O. Box did not speak to whether she received mail at home address or prove she did not receive notice).

The Shepherds further argue that the mortgage statements would have substantiated Gary's testimony that he never received the notice to vacate. Again, we disagree that the mortgage statements would have proved anything regarding the notice to vacate, and at most, would have proved that the Shepherds received mail at their P.O. Box.

On this record, we cannot say the trial court abused its discretion in excluding the mortgage statements. *See Downer*, 701 S.W.2d at 242–43 (trial court abuses its discretion when it acts without reference to guiding rules or principles or when its ruling is arbitrary or unreasonable). Further, the Shepherds have not shown how the

5

exclusion of the mortgage statements "probably caused the rendition of an improper judgment." *See* TEX. R. APP. P. 44.1(a)(1).

The trial court did not abuse its discretion in excluding the Shepherds' mortgage statements. Therefore, we overrule the Shepherds' second point of error.

## B.    Evidence of notice is legally and factually sufficient

Next, the Shepherds argue there was legally and factually insufficient evidence to prove the notice to vacate was delivered to them; instead, they argue, the evidence conclusively established they never received notice.

### 1.    *Standard of review*

In a bench trial, the trial court's findings of fact carry the same weight as a jury's verdict. *Yazdani-Beioky v. Sharifan*, 550 S.W.3d 808, 821 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). The trial court, as factfinder, judges the credibility of the witnesses, determines the weight of their testimony, and resolves conflicts in the evidence. *Id.* When challenged, a trial court's findings of fact are not conclusive if, as here, there is a complete reporter's record on appeal. *DeClaire v. G & B McIntosh Fam. Ltd. P'ship*, 260 S.W.3d 34, 42 (Tex. App.—Houston [1st Dist.] 2008, no pet.). We apply the same legal- and factual-sufficiency of the evidence standards in reviewing a trial court's findings of fact that we use in reviewing jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

6

We consider the legal-sufficiency challenge first when both legal- and factual-sufficiency challenges are raised on appeal. *See Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981) (per curiam). When a party challenges the legal sufficiency of the evidence supporting an adverse finding on which it did not have the burden of proof at trial, that party must demonstrate there is no evidence to support the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). We will sustain a legal-sufficiency challenge if: (1) the record shows a complete absence of evidence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). We review the evidence in the light most favorable to the trial court's ruling, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See id.* at 807. If there is more than a scintilla of evidence to support the challenged finding, we must uphold it. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

When a party challenges the factual sufficiency of the evidence on an adverse finding on which it did not have the burden of proof at trial, we review all of the evidence in a neutral light and set aside the finding only if it is so contrary to the

7

overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 782 (Tex. App.—Houston [1st Dist.] 2011, no pet.). We may not substitute our judgment for that of the factfinder. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

### 2. *Applicable law*

A tenant commits a forcible detainer if the tenant refuses to surrender possession of real property after the landlord makes a written demand for possession. TEX. PROP. CODE § 24.002. The landlord must give the written demand for possession, or notice to vacate, at least three days before filing a forcible-detainer suit. TEX. PROP. CODE § 24.005(b).

There are three ways a landlord may provide the notice to vacate: (1) in person, either by personal delivery to the tenant or by personal delivery to the premises by affixing the notice to the inside of the main entry door; (2) by mail "to the premises in question," including regular mail, registered mail, or certified mail with return receipt requested; and (3) in some circumstances, by affixing the notice to the outside of the main entry door and, not later than 5 p.m. of the same day, mailing a copy of the notice to the tenant. TEX. PROP. CODE § 24.005(f), (f-1).

8

To prevail in a forcible-detainer suit, a landlord must establish that it gave proper notice to vacate to the tenants. *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

We presume a letter that is properly addressed and mailed with prepaid postage was received by the addressee. *Id.* at 31 (citing *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994)). In the absence of proof to the contrary, the presumption has the force of a rule of law. *Id.* The addressee may rebut this presumption by offering evidence that the letter was not delivered. *Khalilnia v. Fed. Home Loan Mortg. Corp.*, No. 01-12-00573-CV, 2013 WL 1183311, at *3 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. denied) (mem. op.). Denying the letter was received is sufficient to rebut the presumption, but denial is "not conclusive and merely presents a fact issue for the factfinder." *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

### 3. Analysis

The Shepherds argue there was legally and factually insufficient evidence to support the trial court's finding that notice to vacate was delivered to them. We conclude there was sufficient evidence to support the presumption that the mailed notice was delivered to them, and the trial court did not err in resolving the conflicting evidence against the Shepherds. Thus, there was legally and factually

sufficient evidence to support the trial court's finding that notice was delivered to the Shepherds.

### a. The mailed notices

The Shepherds argue that although MWS provided evidence that it *mailed* the notice to vacate, MWS did not offer any evidence that the Shepherds actually *received* the notice to vacate. They argue that because the three-days' required notice to vacate is calculated from the day the notice is delivered, *see* TEX. PROP. CODE § 24.005(g), MWS was required to prove the day on which the notice was delivered to prove its compliance with the statute.

But the Shepherds' argument misunderstands the effect of the applicable presumption. We presume a letter that is properly addressed and mailed with prepaid postage was received by the addressee. *Trimble*, 516 S.W.3d at 31. When the sender has offered evidence to show the letter was properly mailed so that the presumption applies, then the sender does not need to prove the letter was actually received by the addressee. That is the purpose of the presumption. The addressee is, of course, free to rebut the presumption by offering proof that the letter was not delivered. *Phan*, 137 S.W.3d at 767 (denying receipt of letter rebuts presumption that it was delivered).

Here, MWS offered evidence to show the presumption applies. Rheannon Piercy, MWS's director of property management, testified that she sent the notice to

10

vacate by certified mail and by regular mail. She introduced into evidence her receipt from the post office showing paid postage for both a first-class letter and certified mail with return receipt, and she introduced a certified mail receipt addressed to the Shepherds' home address. Thus, MWS presented evidence that the notice to vacate was properly addressed and mailed with prepaid postage, so the factfinder was entitled to presume the notice was received by the Shepherds. *See Trimble*, 516 S.W.3d at 31. There is more than a scintilla of evidence to show the notice to vacate was properly mailed and thus received by the Shepherds, which is legally sufficient evidence. *See Formosa Plastics*, 960 S.W.2d at 48 (more than scintilla of evidence supporting challenged finding is legally sufficient evidence to support finding).

The Shepherds offered evidence to rebut the presumption, and they argue their evidence conclusively established that they never received the notice to vacate. At trial, Gary Shepherd testified that he and his wife receive all of their mail at a P.O. Box instead of their home address. He explained that there is a mailbox down the road from their house, but it is "locked down" and "wired shut" with "a big X on it" so that no mail can be delivered there. He further testified that he never received any of the notices MWS mailed or posted to the front door. Gary's testimony rebuts the presumption that the Shepherds received the notice to vacate, but it does not conclusively establish that the notice was not delivered. *See Phan*, 137 S.W.3d at 767 (denying receipt of letter rebuts presumption that it was delivered but is not

11

conclusive). Rather, the conflicting testimony presents a fact issue for the factfinder to resolve. *Id.*

Because MWS and the Shepherds offered conflicting evidence regarding whether the notice to vacate was delivered to the Shepherds by mail, the trial court was required to resolve this fact issue. *See Yazdani-Beioky*, 550 S.W.3d at 821. The trial court, as factfinder, was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* On a factual-sufficiency challenge, we may only set aside the trial court's finding if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Cain*, 709 S.W.2d at 176; *Reliant Energy Servs.*, 336 S.W.3d at 782. On this record, we cannot say the trial court's finding that notice was delivered to the Shepherds was clearly wrong or manifestly unjust.

A tenant's denial of receipt of a notice to vacate that was properly mailed, without additional evidence that the notice was not delivered, is rarely enough to overturn a finding that the tenant received the notice. *E.g.*, *Smith v. Deutsche Bank Nat'l Tr. Co. as Tr. for New Century Home Equity Loan Tr. 2005-4*, No. 05-17-01022-CV, 2019 WL 211174, at *2 (Tex. App.—Dallas Jan. 16, 2019, no pet.) (mem. op.) (landlord sent notice to vacate by regular mail and there was no evidence letter was returned, so even though tenant testified she never received notice, evidence was sufficient to conclude tenant received notice by regular mail); *Trimble*,

12

516 S.W.3d at 31–32 (landlord sent notice to vacate by regular mail, and there was no evidence in record that notice was not delivered, so even though tenant testified he never received notice, he failed to raise fact question on summary judgment to rebut presumption that notice was delivered); *Kaldis v. U.S. Bank Nat'l Ass'n*, No. 14-11-00607-CV, 2012 WL 3229135, at *3 (Tex. App.—Houston [14th Dist.] Aug. 9, 2012, pet. dism'd w.o.j.) (mem. op.) (landlord sent notice to vacate by certified mail and regular mail, and even though tenant testified he did not receive notice, trial court as factfinder was not required to accept his testimony). Notably, none of these cases involve a tenant's testimony that he could not receive mail at the property in question. But the trial court was in the position to judge credibility and weigh the testimony, and we may not substitute our judgment for that of the factfinder. *Golden Eagle Archery*, 116 S.W.3d at 761; *Yazdani-Beioky*, 550 S.W.3d at 821. The Shepherds did not present any additional evidence to support their claim that they could not receive mail at their home address—as discussed above, the mortgage statements mailed to the Shepherds' P.O. Box, even if they had been admitted into evidence, would not have supported their claim. Thus, we cannot say the trial court's finding that the Shepherds received notice to vacate by mail was so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Cain*, 709 S.W.2d at 176; *Reliant Energy Servs.*, 336 S.W.3d at 782. The evidence is factually sufficient to support the trial court's finding that the Shepherds

received the notice to vacate by mail. *See Cain*, 709 S.W.2d at 176; *Reliant Energy Servs.*, 336 S.W.3d at 782.

Because we have concluded the evidence is legally and factually sufficient to support the trial court's finding that the Shepherds received the notice to vacate by mail, we overrule the Shepherds' first point of error.

### b. *The posted notices*

The Shepherds argue there is no evidence to support the trial court's finding that MWS gave them written notice in compliance with Section 24.005(f-1) of the Property Code, the statute authorizing a landlord to post a notice to vacate on the outside of a tenant's front door in certain circumstances. But we need not decide this issue because we have already concluded there is legally and factually sufficient evidence to support the trial court's finding that the Shepherds received the notice to vacate. *See* TEX. R. APP. P. 47.1 (written opinion of appellate court need not address issues unnecessary to final disposition of appeal).

## C. Notice was sufficiently specific

In their third issue, the Shepherds argue that even assuming the notices had been delivered, the trial court erred in finding MWS gave proper notice to vacate because the two separate notices are confusing and contradictory.

## 1. *Applicable law*

The Shepherds acknowledge that the Property Code does not contain specific requirements for the content of a notice to vacate. The Property Code only requires that a landlord give a tenant at least three days' written notice to vacate, and it specifies the methods by which notice may be given, including personal delivery and delivery by mail. TEX. PROP. CODE § 24.005(b), (f), (f-1).

The Shepherds have not identified any authority explaining the required content for a notice to vacate. They cite *Miller v. Vineyard*, a case involving an anticipatory breach of a commercial lease, for the general proposition that a demand must contain the assertion of a contractual right and a request for compliance. 765 S.W.2d 865, 870 (Tex. App.—Austin 1989, writ denied). The Shepherds also assert that a notice to vacate must be clear, unequivocal, and leave no room for disagreement about the date the tenant must vacate; however, they cite only cases involving nonresidential leases for this proposition: *Vinson Minerals, Ltd. v. XTO Energy, Inc.*, 335 S.W.3d 344, 357–58 (Tex. App.—Fort Worth 2010, pet. denied) (holding letter was insufficiently specific to constitute written notice describing default in royalty payments as required by oil and gas lease); *Outdoor Systems, Inc. v. BBE, L.L.C.*, 105 S.W.3d 66, 70–73 (Tex. App.—Eastland 2003, pet. denied) (holding letter requesting additional payment information insufficient as notice of default required by billboard rental lease).

15

*2.      Analysis*

Even assuming the Shepherds' proposition that a notice to vacate must be clear, unequivocal, and leave no room for disagreement about the date the tenant must vacate is supported by authority and applicable here, the Shepherds have not demonstrated that the notice to vacate violates this requirement.

The first notice to vacate makes a demand that the Shepherds vacate the property within three days. The document is titled, "<u>NOTICE TO VACATE</u>" and states, "[T]his is your notice to vacate the Property as required by Section 24.005 of the Texas Property Code. <u>Demand is hereby made that you surrender possession of the Property within three days</u>."[2] The notice is dated October 6, 2021. The notice further states, "If you do not surrender possession of the Property within the required timeframe, we will take legal action against you, including, but not limited to, a forcible detainer lawsuit under Chapter 24 of the Texas Property Code." The notice is clear, unequivocal, and leaves no room for disagreement about the date the Shepherds must vacate.

---

[2]      In the next sentence, the document also states, "If you have a lease for the Property, <u>demand is hereby made that you surrender possession of the Property within thirty days</u>," as opposed to the demand to vacate within three days in the previous sentence. Because this language clearly only applies to a tenant with a lease, and the Shepherds never contended they had a lease, this statement does not make the date to vacate less clear.

16

The second notice to vacate also clearly states a demand to vacate the property by a certain date. The document is also titled, "<u>NOTICE TO VACATE</u>" and states, "You along with all other occupants are HEREBY commanded to vacate and remove all personal belongings from the premises . . . within 529 hours from the posting/delivery of this notice." At the bottom of the page, there is a handwritten note adding: "Original notice to vacate amended to 30 days from 10/6/21. Vacate by 11/5/21." The notice also states, "Failure to vacate the above premises within 529 hours will result in the filing of an Eviction suit . . . ." This notice is also clear, unequivocal, and leaves no room for disagreement about the date the Shepherds must vacate.

The Shepherds argue that these notices do not constitute an adequate, unambiguous demand for possession, but we disagree. The Shepherds argue we must focus on whether the notices are sufficiently clear to put them on notice that they must vacate or face a forcible-detainer suit, but we conclude the notices are sufficiently clear in that regard. The Shepherds have not demonstrated that the trial court erred in finding MWS gave proper notice to vacate. We overrule their third point of error.

### CONCLUSION

Because we conclude that the trial court did not err in excluding the Shepherds' mortgage statements, that there is legally and factually sufficient

17

evidence to support the trial court's finding that the Shepherds received the notice to vacate, and that the notices to vacate are sufficiently clear, we affirm the trial court's judgment.

<div style="margin-left: 50%">

Gordon Goodman
Justice

</div>

Panel consists of Justices Goodman, Hightower, and Guerra.